| | |
|---|---|
| 12 | 17 |
| 48 | 739 |

## J. F. ROHRBACKER *v.* JOSEPH SCHILLING.

The defendant, in his answer to a suit for money loaned to him, averred that the money was not loaned but given to him, partly in payment of an antecedent indebtedness, and partly as a remunerative donation for services rendered. *Held:* That this was not an admission that the defendant was ever indebted to the plaintiff, and that the burden of proof rested on the plaintiff to establish that the transaction was a loan.

The bare fact that *A.* handed a certain sum of money to *B.* unexplained will not authorize *A.* to recover it back, on the allegation that it was a loan; it is the presumptive evidence of either the payment of an antecedent debt or of a gift.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *A. McCarty* and *S. Myers*, for plaintiff. *J. M. Dirrhammer*, for defendant and appellant.

SPOFFORD, J. The plaintiff, administrator of the succession of *Charles Wunsch*, deceased, sued the defendant, *Schilling*, for the sum of $1000, alleging that the deceased had "loaned that sum to the said *Schilling* for the purpose of assisting him in his business."

The defendant answered that the deceased did not loan but gave the sum in question to him, partly in payment of an antecedent indebtedness and partly as a remunerative donation for services rendered.

The first question is, upon whom does the burden of proof rest under this state of the pleadings? Clearly upon the plaintiff, for there is no admission in the answer that the defendant ever owed the plaintiff anything. If the cause had been submitted upon the pleadings alone, the plaintiff must inevitably have become non-suited.

In *Barry* v. *Kimball*, 10 An. 787, we declared the rule to be, both upon principle and authority, that a consistent answer, which does not admit that the defendant ever incurred a legal liability to the plaintiff, could not relieve the latter from the necessity of proving his demand; but that an answer which admitted the former existence of such an obligation, and averred its extinguishment or discharge, would dispense the plaintiff from any preliminary proof of the obligation and impose upon the defendant the burden of proving the matters pleaded in discharge.

The question then arises, has the plaintiff proved that the deceased *loaned* $1000 to the defendant?

There is no written evidence of such a contract.

Four witnesses only were examined: one of them as to what took place at the time of the alleged loan, two as to certain admissions of the defendant, and one who said he knew nothing about the matter.

There being no literal proof, the testimony of the single witness who saw the money handed by the deceased to the defendant becomes very important.   He says that *Mr. Rohrbacker* was the only other person present, but he was not examined.   Now all that this witness says, which has any material bearing, is that he saw *Wunsch* give *Schilling* a bank note for $1000.   They had a conversation at the time, but the conversation was in the German tongue, and the witness did not understand a word of it.

The other two witnesses, who say anything, say only that they heard *Mr. Schilling* admit that he had received $1000 from *Mr. Wunsch*, but he did not say for what purpose he got it.   One of them declares that he said he had paid bills for *Wunsch*, and then the money that was left he paid out when there was a family meeting.

Upon this evidence we are compelled to decide whether proof of the bare fact that *A.* handed a certain sum of money to *B.* unexplained will authorize *A.* to recover it back on the allegation that it was a loan.

The highest authorities have decided this question in the negative.   "The mere delivery of money by one to another, or of a bank check, or the transfer of stock unexplained, is presumptive evidence of the payment of an antecedent debt and not of a loan."   1 Green. Ev. § 38.

"Præsumitur quisque solvisse quod erat debitum, ac indebitum a se solutum asserens probare debet."   Voet ad Pandectas, lib. xxii, tit. iii, § 15.

Again, if *Wunsch* handed *Schilling* this money, *knowing that he did not owe it*, and if there is no proof of his intention, the presumption of law is that it was a gift, and he could not succeed in a suit for its repetition without disproving the presumption.   Ita Paulus: "Cujus per error em dati repetitio est, ejus consulto dati donatio est."   L. 53, Dig.   De regulis et cet.

"He who pays through error what he does not owe has an action for the repetition of what he has thus paid, unless there was a natural obligation to make such payment; *but he must prove that he paid through error, otherwise it shall be presumed that he intended to give.*"   C. P. 18.

The fatal defect of the proof in this case is, that the common intent of the parties, when *Wunsch* handed the bank note to *Schilling*, is left entirely in the dark.   We are called upon to presume a *loan*, when the presumption of the law is that it was either a *payment* or a *gift*.   If we were informed what was said at the time, we could then affix a legal character to the contract from the evidence.   In the absence of all evidence, we are not permitted to presume that a loan was intended, and if it was not, the plaintiff must fail in his action.

As it is possible that *Mr. Rohrbacker*, who was present, may be able to state the conversation of the parties at the time the money passed from the deceased to the defendant, we will not conclude the plaintiff by our judgment.

It is ordered, that the judgment of the District Court be avoided and reversed, and that there be judgment against the plaintiff, as in case of non-suit, he paying costs in both courts.