————o————

## No. 5867.

## QUAKER REALTY COMPANY vs. CITY OF NEW ORLEANS ET AL.

### Syllabus.

1. A corporation may sue in its own name, without designating any officer. In such case, the corporation appears through its attorney, a denial of whose authority must be supported by affidavit.

2. Pending an exception of misjoinder of parties defendant, the plaintiff is at liberty to cure the alleged defect, by discontinuing the suit as to one of the two defendants.

3. In a suit to annul a tax sale, whether the proceeding be properly termed a petitory or a possessory action, or one for slander of title, or otherwise, the defendant has a right to introduce evidence to sustain the validity of the tax sale sought to be annulled, and under which he claims; and this is true notwithstanding the fact that such evidence might incidentally tend to impeach the title under which plaintiff holds.

Appeal from the Civil District Court, Parish of Orleans, Division E, No. 96,797. Hon. G. H. Theard, Judge.

Oscar Schreiber, for plaintiff and appellee.

Theodore Cotonio, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Several exceptions were filed by defendant and overruled by the trial court.

The first of these is to the effect that the plaintiff, appearing in its own name and solely through its attorney at law, without designating any officer of the corporation authorized to represent it, is not properly in Court.

Inasmuch as a corporation may sue without designating an officer authorized to represent it, and inasmuch as the authority of its attorney at law was not challenged by the required oath or affidavit, the exception was properly overruled. **Southern Saw Mill Co., Ltd., vs. Ducote, 120 La., 1052; Postal Telegraph Co. vs. Railroad Co., 43 A., 522.**

The defect complained of by the second exception, namely, misjoinder of parties defendant, was cured, during the pendency of said exception, by plaintiff exercising its right to discontinue the suit as to one of the two defendants.

The exception of no cause of action is based upon the assumption that the plaintiff's petition discloses a valid outstanding title in a third person. But such is not the fact; for on the contrary, plaintiff specially alleges that this apparent title is absolutely null and void.

But an erroneous ruling on evidence during the trial of the case on its merits necessitates our setting aside the judgment rendered in plaintiff's favor, and a remand of the case.

The plaintiff, claiming that it acquired title from the State in 1910, and that the State itself had become the adjudicatee of the property at a sale for State taxes in 1885, seeks to have annulled an adjudication of the property to defendant in 1907, for the nonpayment of taxes assessed by the city of New Orleans for the year 1904, on the

ground that the city was without authority to assess or sell for its taxes property which then belonged to the State.

On the trial defendant offered to prove that the State had parted with its title to a third person subsequently to 1885, and that consequently the property did not belong to the State when it was assessed for city taxes and adjudicated to defendant. This evidence was excluded upon the ground that evidence tending to impeach the title of plaintiff, or that of its author, the State, was inadmissible, inasmuch as defendant occupied the position of a plantiff in a petitory action and must recover upon the strength of his own title and not upon the weakness of that of his adversary.

This ruling was erroneous. This is a suit to annul a tax sale; and whether it be properly termed a petitory or a possessory action, or one for slander of title, certain it is that defendant, whose tax title is attacked, has a right to adduce evidence in support of the validity of that title, notwithstanding the fact that incidentally such evidence might or does tend to impeach the title under which plaintiff holds.

The judgment is accordingly reversed, and the case is remanded to be proceeded with according to law and the views herein expressed, plaintiff and appellee to pay the costs of appeal and those of the trial Court to await the final determination of the cause.

Reversed and remanded.

Opinion and decree Nov. 24, 1913.