O’NIELL, J.
The only question presented for decision in this case is whether the defendant’s answer to the plaintiff’s petition in the district court complied with the requirement of Act No. 300 of 1914, that the defendant, in his answer, shall either admit or deny specifically each material allegation of fact contained in the plaintiff’s petition.
The statute referred to, regulating pleading and practice in the district courts, contains the following rules, viz.:
“First. The plaintiff, in his petition, shall state his cause of action articulately, that is to say, he shall, so far as practical, state each of the material facts upon which he bases his claim for relief in a separate paragraph, separately numbered. The petition shall be in all cases verified as hereinafter provided.
“Second. The defendant, in his answer, shall either admit or deny specifically each material allegation or [of] fact contained in plaintiff’s petition: Provided that nothing in this act contained shall be construed as affecting in any way the existing rules of practice in reg'ard to what defenses must be specially pleaded by a defendant.
“The denial by the defendant in such case may be based upon lack of sufficient information to justify a belief in regard to the allegation in question, but in such case the denial must be expressly so qualified.
“The answer, both as to the admissions or denials of the allegations of the petition, and as to allegations of new matter, shall, in all cases, be verified as hereinafter provided.
“Third. All material allegations of fact contained in the petition which are not denied in the answer shall be deemed to be admitted.
“Fourth. At any time after the answer is filed the plaintiff may by rule submit to the court the question of his right to a judgment upon the petition and answer. For the purpose of the trial of such rule all material allegations of fact contained in the petition and not denied in the answer, and all allegations of fact contained in the answer, shall be deemed and taken as true. * * *
“If, upon the consideration of the petition and answer as above provided, the court shall be of the opinion that the plaintiff is entitled to a judgment, it shall proceed to render and sign such judgment in the same manner and form and with the same effect as if a trial had been had upon evidence regularly adduced, and such judgment shall constitute for all purposes a definitive judgment. * * * ”
In bis petition the plaintiff stated bis cause of action in five paragraphs as follows, viz.:
“(1) That it is a corporation organized under the laws of the state of New York, and is domiciled in New York City.
“(2) That the Southern Publishing Company, Incorporated, is a corporation organized under the laws of the state of Louisiana, and domiciled in the city of New Orleans.
“(3) That the said the Southern Publishing Company, Incorporated, is indebted to your petitioner in the sum of $1,821 for the following, to wit:
“(4) That your petitioner sold and delivered to the said the Southern Publishing Company, Incorporated, certain newspaper features (comic supplements) at the figures and on the dates set forth in the itemized account annexed hereto and made part hereof.
“(5) That the only credits to which the said the Southern Publishing Company, Incorporated, is entitled are those set forth in the said account hereto annexed and made part hereof.”
The petition concluded with a prayer for citation, for a trial by jury, and for judgment against tbe defendant for $1,821, with legal interest from judicial demand. Tbe account annexed to tbe petition was itemized only to tbe extent of stating tbe amount of tbe bill for eacb week, commencing on tbe 15th of March, 1915, and ending on tbe 27th of September of that year, and tbe date and amount of each check received from tbe defendant, *705 from the 20th of March to the 16th of Tuly, 1915. The debits amounted to §3,589, and the credits, including an “allowance” of §6, amounted to $1,768. The allegations of the petition were verified by the affidavit of one of the attorneys for the plaintiff.
The defendant answered the petition thus:
“Into court comes the Southern Publishing Company, Incorporated, defendant herein.
“Respondent, for lack of sufficient information, denies the allegations of paragraph 1 of plaintiff’s petition.
“Respondent admits the allegations of paragraph 2 of plaintiff’s petition.
“Respondent denies the allegations of paragraph 3 of plaintiff’s petition.
“Respondent denies the allegations of paragraph 4 of plaintiff’s petition.
“Respondent denies the allegations of paragraph 5 of plaintiff’s petition.
“Wherefore, the premises considered, respondent prays that plaintiff’s demand be denied, and the present suit be dismissed at plaintiff’s cost, and for general relief.”
The answer was verified by the affidavit of the defendant’s attorney.
The plaintiff, by rule, submitted to the district court the question of its right to a judgment on the petition and answer. On trial of the rule, judgment was rendered in favor of the plaintiff for the amount claimed in its petition.
A new trial having been refused, the defendant appealed to the Court of Appeal for the parish of Orleans. The judgment appealed from was annulled, and the case was remanded to the district court for trial. It is before us on writs of certiorari and review.
[1] Plaintiff’s counsel refer us to several decisions rendered in other jurisdictions, under statutes similar'to the pleading and practice act of this state, where a denial of each and every allegation in certain numbered paragraphs, or a denial of the allegations in a particular paragraph, of a petition has been held to be bad pleading. Those decisions are cited by Prof. Sunderland in his chapter on Pleading (31 Cyc. 197); but the author expresses the opinion that the better rule seems to be that the denial of all the allegations contained in a designated numbered paragraph of the complaint is good, and he cites many decisions in support of that view.
The learned counsel for the plaintiff argue that the defendant in this case did not deny the facts, but only denied the allegations of the petition. They say that allegations are only the forms in which the facts are stated, and that to deny the allegations of a petition is merely to deny the form in which the facts are set forth. We cannot follow that line of reasoning. Our understanding is that to deny an allegation of fact is to deny the fact alleged. All that the statute requires in that respect is that the defendant in his answer shall either admit or deny specifically each material allegation of fact contained in the plaintiff’s petition. By a harmless typographical error the expression is printed “each material allegation or fact,” instead of “each material allegation of fact.” The error is palpable, especially from the expression elsewhere in the statute, “all material allegations of fact.”
[2] The statute does not require the defendant to deny the facts alleged in the petition by repeating each allegation in the negative. For example, the defendant was not required to say, “Respondent denies that the said the Southern Publishing Company, Incorporated, is indebted to petitioner in the sum of $1,-821,” or to say, “Respondent denies that petitioner sold and delivered to the said the Southern Publishing Company, Incorporated, certain newspaper features (comic supplements) at the figures and on the dates set forth in the itemized account annexed to and made part of the petition.” That form of answer would not be more specific than if the defendant said merely that he denied the allegations contained in each separate numbered paragraph. It would be subject to the objection that it might mean that the defendant intended to deny the truth of the allegation as a whole merely because of the use of some adjective or other unimportant *707 expression or word in the allegation. And that form of answer is subject to the more serious objection that it would require the court to collate or compare critically each answer with the allegation to which it referred, to determine whether the defendant denied precisely what was alleged. For that reason that form of answering specifically each material allegation of fact contained in a petition or complaint has been condemned in a number of decisions under statutes requiring the defendant to admit or deny specifically each material allegation of fact contained in the petition or complaint.
[3] To require the defendant to subdivide or separate the allegations of each numbered paragraph, and specifically deny each allegation therein, would imply that the plaintiff had embodied more than one material allegation of fact in a single paragraph of his petition, in violation of the first rule laid down in the pleading and practice statute. That rale permits the plaintiff — in fact it requires him — to separate his allegations of fact áo that there shall be only one material allegation contained in each numbered paragraph. If he complicates the allegations of his petition by alleging more than one material fact in a single paragraph, so that an answer thereto might not be specific, the fault is in the plaintiff’s, not the defendant’s, manner of pleading. The statute has put it into the power and under the control of the plaintiff to make the defendant’s answers as specific and direct as the plaintiff may require, by alleging each material fact in a separate paragraph, separately numbered, as far as practical. If it was impractical for the plaintiff to make each incidental allegation of fact the subject or object of a separate paragraph in his petition, it was equally impractical for the defendant to be more specific in his answer to the allegations in each numbered paragraph.
[4] The Act No. 300 of 1914 permits, but does not require, the defendant to make affirmative allegations in his answer. That is governed by the rules of practice that prevailed before the adoption of the Act No. 300 of 1914, in regard to what defenses must be specially pleaded by a defendant to avail him.
Our opinion is that the defendant’s answer in this case put at issue the allegations of fact on which the plaintiff based its cause of action, and did not justify the rendering of a judgment against the defendant on the pleadings.
The judgment of the Oourt of Appeal for the parish of Orleans is affirmed.
MONROE, C. J., dissents.