## GRUNTZ v. HUBERT

---

(October 31, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Payment—Par. 21, 23.**
   The fact that one hands another a sum of money is presumptive evidence of the payment of an antecedent debt and not of a loan.

2. **Louisiana Digest—Pleading—Par. 114, 115.**
   When plaintiff sues upon an alleged loan of money, the defendant, under a general denial, may prove that the money was not a loan but the payment of an antecedent debt.

Appeal from the Twenty-fourth Judicial District Court, Parish of Jefferson. Hon. L. Robert Rivarde, Judge.

Action by Alphonse Gruntz against J. B. Hubert.

There was judgment for defendant and the plaintiff appealed.

Judgment affirmed.

Chas. J. Larkin, Jr., of New Orleans, attorney for plaintiff, appellant.

A. T. Higgins, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.    This suit was filed June 23rd, 1924.

The plaintiff alleged that on September 5th, 1922, he loaned $200 to the defendant which he refuses to pay, and for which plaintiff claims judgment.

The defendant denied each allegation of the petition.

There was judgment in favor of the defendant rejecting plaintiff's demand and he has appealed.

The plaintiff, as a witness, testified that he loaned the defendant $200.    To corroborate his testimony he produced and filed in evidence a check for $200 on the Hibernia Bank and Trust Co. drawn by him to the order of J. B. Hubert and by the latter endorsed.    This check, far from being prima facie evidence of a loan, is presumptive evidence of payment.

In the case of Rohrbacker vs. Schilling, 12 La. Ann. 17, the Supreme Court stated the law to be as follows:

"The defendant in his answer to a suit for money loaned to him, averred that the money was not loaned but given to him partly in payment of an antecedent indebtedness, and partly as a remunerative donation for services rendered. Held, that this was not an admission that the defendant was ever indebted to the plaintiff, and that the burden of proof rested on the plaintiff to establish that the transaction was a loan.

"The bare fact that A handed a certain sum of money to B unexplained will not authorize A to recover it back on the allegation that it was a loan; it is the presumptive evidence of either the payment of an antecedent debt or of a gift." See also Hymel vs. Tassin, 48 Ann. 739, 741, 19 So. 742; 1 Greel. Ev. S. 38.

Not only has the plaintiff the burden of proof of the loan he asserts, but his demand cannot be sustained without disproving the presumption of law "that the check was the payment of an antecedent debt". Hymel vs. Tassin, 48 Ann. 737 (741), 19 So. 742.

Further testifying, the plaintiff stated that Hubert gave him no note for that check, nor was there any agreement to pay interest; it was to be repaid in three months; he did not give that check to Hubert in payment of a loan made by Hubert to him; plaintiff gave that check to defendant's wife; at that time he was not on speaking terms with the defendant; but his wife and defendant's wife were "the best of friends"; in 1927 plaintiff borrowed some money from the defendant but paid it back; later he denied that he borrowed from the defendant in 1917; he did not give the check of $200 in payment of a debt to defendant; he never owed him a cent; his son wrote the check out and he (plaintiff) endorsed (signed) it; his wife was there too.

His wife was not produced as a witness.    Why?

Leon Gruntz is a son of the plaintiff; he knows about a loan of $200 by his father to J. B. Hubert; he wrote out the check for his father and he endorsed (signed) it; he handles all his father's business; his father was never paid anything on this loan; the defendant was to pay it back as soon as he got his money from the

homestead; that is practically thirty days; ninety days was not specified; as far as he knew his father owed nothing to defendant at the time this loan was made.

Plaintiff introduced no other testimony. Two facts tend to make it improbable. The first is that the plaintiff who had not been on speaking terms with the defendant for over a year should have loaned him money; the second, that the loan which was made in September, 1922, payable in 30 or 90 days, was left in suspense for a year and nine months before suit was entered.

Mistress J. B. Hubert, to whom the plaintiff says he made this loan directly and to whom he delivered the check, for account of her husband, swears that the plaintiff gave her this check because he had not been on speaking terms with her husband "for over a year"; and that at that time he owed her husband $200, and that the check of $200 was "in payment of the debt that Mr. Gruntz owed her husband; that she never borrowed any money from Mr. Gruntz; her husband never authorized her to borrow any money from Mr. Gruntz, and she never agreed to pay that money back after the homestead had made a loan to her husband or in 90 days; on April 13th, 1922, she withdrew from the bank $50 which she loaned to Gruntz for which "there was a fuss in her house"; her husband said plaintiff had had enough money from her.

J. B. Hubert, the defendant, testified that he was working at D. H. Holmes in the capacity of reserve stock man; that he had been working there for 17 years; he never authorized his "wife" to make any loan from Mr. Gruntz of $200; he did not borrow through his wife any money from Mr. Gruntz; he was not speaking to him at all; the $200 which Mr. Gruntz gave

his wife was money Gruntz owed him since 1917; Gruntz owed him around $600; he never owed Gruntz anything; Gruntz never had money that he could loan; witness received the $200 check and deposited it to his account in bank.

If this check had been presumptive evidence of a loan and corroborative evidence of the testimony produced by the plaintiff, upon which theory plaintiff seems to rest his case, it would have carried the weight of evidence in his favor. But as we have seen from the authorities quoted above, that this check is not a presumption of a loan, but, on the contrary, "is the presumptive evidence of the payment of an antecedent debt". Therefore the burden was upon plaintiff to overcome this presumption. He has not done so, as the testimony of his two witnesses is contradicted and destroyed by that of defendant's two witnesses. Therefore this presumption added to the testimony of defendant's two witnesses tilts the scales in his favor, and gives him the preponderance of evidence.

The objection of plaintiff to the testimony offered by defendant was not well founded. Defendant's answer was a general denial. Under that pleading any evidence was admissible to show that defendant was not indebted to the plaintiff for the cause alleged. Chase vs. New O. Gas Co., 45 Ann. 302, 12 So. 308. It is true, as stated in that case, that a special defense tending to show that a pre-existing obligation has been paid or extinguished, such as payment, novation, and the other modes of extinguishing an obligation mentioned in C. C. 2130, must be specially pleaded. Gleises vs. Faurie, 6 La. 457; Mortimer vs. Trappan's Est., 9 La. 111; New Orleans G. L. & B. Co. vs. Hudson, 5 Rob. 486; Banking Co. vs. Hudson, 31 La. Ann. 81; Byrne vs. Ntl. Bank, C. P. 333, 336, 345.

But in this case the defendant does not admit that the loan alleged ever was made and that it was paid or extinguished. He denies the loan generally.

Under the authorities quoted above he was permitted to show that the check did not evidence a loan but was a payment of an anterior debt by the plaintiff to him.

In a condensed form the plaintiff alleged a loan, and the defendant denied it.