## ETHRIDGE–ATKINS CORPORATION v. CITY OF ALEXANDRIA.

### No. 5591.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

R. B. Sadler, Jr., of Alexandria, for appellant.

J. H. McSween, of Alexandria, for appellee.

HAMITER, Judge.

The City of Alexandria, La., is made defendant in this suit instituted on April 1, 1937, by the Ethridge-Atkins Corporation. Plaintiff seeks judgment on alleged balances of three separate open accounts. Attached to the petition are three statements asserting, respectively, balances due of $95 on the purchase price of a Chrysler sedan, $325 on the purchase price of a Dodge coupé, and $86.72 for parts and repairs furnished. Also annexed to that pleading is a consolidated statement listing the sums above named with a total amount due of $506.72, and showing a payment of $75 on January, 1936, and a consequent total balance of $431.72. It is this last-mentioned amount for which plaintiff claims judgment herein.

Defendant specially pleaded the pleas of prescription liberandi causa of three years to the account for the parts and repairs and to that for the Chrysler. A plea of payment in connection with defendant's answer was urged with reference to the account for the Dodge coupé.

The judgment of the trial court sustained both pleas of prescription and condemned defendant to pay plaintiff the sum of $175

674

on the Dodge coupé account. Plaintiff prosecuted this appeal.

■ Obviously the parts and repairs account has prescribed. The statement relating thereto discloses that the items were furnished between June 4, 1932, and November 10, 1932, inclusive, and there is nothing in the record revealing an interruption of the current of the three-year prescription. Civ.Code, art. 3538.

■ It is also our opinion that the plea of prescription affecting the Chrysler sedan account was properly sustained. This car was sold March 26, 1932. According to the positive testimony of Hon. V. V. Lamkin, defendant's mayor, and certain corroborative documentary evidence in the record, all of which was admissible under the plea presently considered, the last payment made on the account was December 31, 1933. This suit was instituted on April 1, 1937, as before stated, and there appears no intervening element tending to interrupt the running of the three-year prescription. The $75 payment listed on the consolidated statement under date of January, 1936, must be considered as having been imputed to the Dodge coupé account; for the numerous cash payments listed on the separate statement for the last-mentioned account are in that amount. Furthermore, plaintiff's counsel, in his brief, inferentially admits such imputation. In urging the interrupton of prescription on the Chrysler sedan account, counsel for plaintiff directs attention to the pertinent separate statement attached to the petition which lists a cash payment of $100 made on December 31, 1934. This listing is in direct conflict with the positive proof hereinabove referred to and must yield to the latter.

■ In pleading payment of the Dodge coupé account, on which an alleged balance is shown of $325, defendant failed to particularize as is required by existing jurisprudence. It merely averred in general terms that credit had not been given for the various amounts paid on the purchase price of the automobile, and that the account has been fully paid.

"Payment is a special defense and must be pleaded with the same particularity as is required of a petitioner." Times-Picayne Publishing Company v. Jacobs, 13 La.App. 1, 126 So. 741.

When defense counsel sought to introduce evidence showing payment of $75 through a canceled voucher dated October 31, 1935, and the same amount under a similar voucher of date November 30, 1935, counsel for plaintiff timely objected. The proof was admitted and the objection made general. We think that this evidence should have been excluded, under the aforecited authority, because of the lack of necessary affirmative allegations on defendant's part. However, the $75 payment listed as a credit on the consolidated statement annexed to plaintiff's petition, and which is conceded to be that represented by the above-mentioned voucher dated November 30, 1935, should be considered and credited on the Dodge coupé separate account, as before stated, thus leaving a balance of $250.

For the reasons assigned, the judgment of the trial court is amended by increasing the principal amount due plaintiff on the Dodge coupé account to $250, and, as thus amended, it is affirmed. Defendant shall pay the costs of both courts.