**J. D. ADAMS CO. v. DAUTERIVE.**

**No. 6117.**

Court of Appeal of Louisiana. Second Circuit.

Jan. 5, 1940.

W. C. Roberts, of Alexandria, for appellant.

Hawthorn, Stafford & Pitts, of Alexandria, for appellee.

HAMITER, Judge.

The petition of plaintiff, J. D. Adams Company, in this suit which is predicated on an open account, contains three paragraphs, the prayer, and an affidavit.

The first paragraph recites that the defendant, Sidney J. Dauterive, is a resident of Rapides Parish, Louisiana.

The allegations of the second paragraph are: "That said defendant is justly and truly indebted unto your petitioner in the full sum of One Hundred and Four and 21/100 ($104.21) Dollars, with legal interest thereon from September 21, 1935 until paid, for parts furnished, labor performed and other necessary expenses incurred in connection with the repairs to a 22/36 tractor, McCormick Deering, Serial No. T.G. 139054 M, as will be more fully shown on an itemized account thereof annexed hereto and made a part hereof."

In the third paragraph it is alleged "that said account is past due and wholly unpaid, notwithstanding amicable demand."

The prayer is for service on the defendant according to law, and "that there be judgment in favor of your petitioner, J. D. Adams Company, and against the defendant, Sidney J. Dauterive, for One Hundred and Four and 21/100 ($104.21) Dollars, with legal interest thereon from September 21, 1935, until paid, for all costs of this suit, and for general relief."

An itemized statement is annexed to the petition as declared in paragraph two.

In due course, the following answer was filed:

"Now into Court, through undersigned counsel, comes Sidney J. Dauterive, defendant herein, and in answer to plaintiff's petition, with respect shows:

"Your respondent admits the allegations of paragraph (1) of plaintiff's petition.

"Your respondent denies all allegations of fact contained in paragraph (2) of plaintiff's petition; as to the conclusions of law therein set forth, your respondent shows that he is not called upon to admit or deny the same.

"Your respondent denies all allegations of fact contained in paragraph (3) of plaintiff's petition.

"Wherefore your respondent prays that the demands of plaintiff be rejected and disallowed, all at its costs. Prays for all orders and decrees necessary and for full and general relief."

On the trial of the case, the plaintiff offered in evidence the depositions of three non-resident witnesses, with attached documents, and certain correspondence; and it rested.

The defendant was then sworn as a witness in his own behalf. Before the propounding of any questions to him, however, the following objection was urged: "Counsel for plaintiff, Mr. Hawthorn, objects to any testimony in which the defendant seeks to deny any part of the account or as to any particular items on the account for the reason that no complaint is made in the answer of the defendant of any specific item thereon and that no specific item can be challenged under a general denial, because the defendant is required under Act 300 of 1914 to specify what items on the account were correct or incorrect and what are correct, if the account is not correct as a whole, and particularly is this true since all of the items grew out of one particular transaction, since it appears in the cross interrogatories propounded to the witnesses for plaintiff that only a part of the account is going to be denied."

The objection was sustained and judgment rendered in favor of plaintiff and against the defendant, as prayed for. A motion for a new trial was thereafter filed and overruled.

Defendant perfected this appeal and now complains "that the ruling of the lower court in excluding defendant's proof under the form of answer filed by him does violence to every acceptable and recognized form of pleading in Louisiana. Further, the legal and practical effect of the ruling of the lower court is that the defendant, without valid reason, has not had his day in court. He has filed the character of answer permitted and even required by the Pleading and Practice Act of Louisiana, and yet he cannot offer proof thereunder."

Act No. 157 of 1912, as amended and re-enacted by Acts Nos. 300 of 1914, 228 of 1924, and 27 of 1926, known as our Pleading and Practice Act, provides in part that, "The defendant, in his answers, shall either admit or deny specifically each material allegation of fact contained in plaintiff's petition; provided that nothing in this Act contained shall be construed as affect-

ing in any way the existing rules of practice in regard to what defenses must be specially pleaded by a defendant." This provision impliedly repealed Article 323 of the Louisiana Code of Practice to the extent that it stated that, "When the defendant answers to the merits, he is not bound to answer specially to all the allegations contained in the petition; it is sufficient to deny, generally, all the facts stated * * *."

The statute under consideration permits, but does not require, the defendant to make affirmative allegations in his answer. The matter of what defenses must be specially pleaded is governed by the rules of practice that prevailed before the adoption of such statute. Newspaper Feature Service v. Southern Publishing Co., 140 La. 702, 73 So. 777. Any defense that is in the nature of a confession and avoidance requires special allegations. Byrne v. Hibernia National Bank, 31 La.Ann. 81. Included in this classification is the defense of payment. Times-Picayune Publishing Co. v. Jacobs, 13 La.App. 1, 126 So. 741; Ethridge-Atkins Corp. v. City of Alexandria, La.App., 178 So. 673.

It appears to us that the answer in the instant controversy meets the requirements of the quoted provision of the Pleading and Practice Act, and properly places at issue plaintiff's demands. Therein, defendant has specifically admitted the allegations of paragraph one of the petition, and in like manner denied the allegations of paragraphs two and three. True, the answer does not separately refer to each of the various items listed on the statement attached to the petition, allegedly furnished by plaintiff, such as tractor parts, labor and expenses; but a separate reference thereto is unnecessary in view of the in globo allegations of paragraph two of the petition. Anent this question, it was said in Newspaper Feature Service v. Southern Publishing Co., supra [140 La. 702, 73 So. 779], that: "To require the defendant to subdivide or separate the allegations of each numbered paragraph, and specifically deny each allegation therein, would imply that the plaintiff had embodied more than one material allegation of fact in a single paragraph of his petition, in violation of the first rule laid down in the pleading and practice statute. That rule permits the plaintiff—in fact it requires him—to separate his allegations of fact so that there shall be only one material allegation contained in each numbered paragraph. If he complicates the allegations of his petition by alleging more than one material fact in a single paragraph, so that an answer thereto might not be specific, the fault is in the plaintiff's, not the defendant's, manner of pleading. The statute has put it into the power and under the control of the plaintiff to make the defendant's answers as specific and direct as the plaintiff may require, by alleging each material fact in a separate paragraph, separately numbered, as far as practical. If it was impractical for the plaintiff to make each incidental allegation of fact the subject or object of a separate paragraph in his petition, it was equally impractical for the defendant to be more specific in his answer to the allegations in each numbered paragraph."

In our opinion, the answer herein was sufficient to justify the introduction by defendant of any relevant and otherwise admissible evidence tending to show the nonexistence of all or any portion of the claimed indebtedness. Of course, a special defense could not be substantiated thereunder, for none was pleaded.

In the brief of plaintiff's counsel, our attention is directed to the following cross-interrogatory propounded by counsel for defendant to a witness for plaintiff, and to which reference was made in the quoted objection, viz: "Is it not a fact that Mr. Dauterive on several occasions advised you personally that he was willing to pay for the work done on the tractor that was necessary in connection with the drive pulley shaft but that he was not willing to pay for the work on the transmission which did not help the tractor and which was not necessary?"

It is then argued that such question indicated defendant's abandonment of the originally pleaded general issue and revealed an intention to introduce evidence in behalf of a special defense; and that as no such defense was pleaded, all evidence sought to be offered by defendant was correctly excluded by the trial court. This argument, we think, is not sound. If it be conceded arguendo that the interrogatory indicated a contemplated attempt to interpose a special defense, the deposition containing it was offered in evidence only by plaintiff and was no part of defendant's proof; and defendant is not precluded by that interrogatory from introducing such evidence as was admissible under his above-described answer.

The record does not disclose the nature of the testimony that defendant desired and sought to give. The objection was made and sustained before a single question was propounded. The trial court should have permitted counsel's questioning of him, allowed the introduction of any admissible proof bearing on the general issue as pleaded in the answer, and excluded all evidence relating to a special defense. If during the giving of his testimony defendant should admit that he owes a portion of the asserted indebtedness, such admission would be of importance only to the extent of aiding plaintiff in discharging the burden of proving its case.

Counsel for plaintiff cites and relies on Times-Picayune Publishing Co. v. Jacobs, supra. This case, as we appreciate it, is authority only for the proposition that payment is a special defense and must be pleaded in the answer; and it lends no assistance to plaintiff's position.

Accordingly, the judgment of the trial court is reversed and set aside, and the case is remanded to the trial court to be proceeded with in accordance with law and in a manner not inconsistent with the views above expressed. Costs of this appeal shall be paid by appellee, while all other costs shall await the final determination of the controversy.