FRUGÉ, Judge ad hoc.
This suit was filed by the Sanders Company, Inc. on February 10, 1954 against John R. Matthews, d/b/a Rollalong Variety Store of Clinton, Louisiana. The suit is for the sum of $220.69, alleged to be the balance due on an account between the parties covering a period between August 14, 1951 and April 9, 1953.
The defendant answered the suit, denying the liability and further claiming that the balance alleged to be due plaintiff was actually for goods which he had not ordered. He did admit owing plaintiff the sum of $82.21. Judgment was rendered in favor of the plaintiff for $82.21 without interest with costs assessed to plaintiff, and from this judgment, plaintiff has appealed.
*530 The facts in the case showed that the plaintiff had delivered to the defendant a quantity of merchandise over the period covered by the account. The real basis of the dispute centers on Sanders Company invoice No. 616 dated 12/21/52 for 100 bundles of material at a total price of $50 and invoice No. 1775, dated 2-6-53 covering 6l5$4 yards of Clover Chambray at a total price of $153.94. The evidence showed that on or about May 5, 1953, the defendant had returned to the plaintiff 75 of the bundles (quilting rolls) covered by invoice No. 616 and 400 yards of the material represented by invoice No. 1775. These items were returned to the plaintiff for credits and apparently refused. According to defendant’s testimony, the 75 bundles were returned because he had not ordered them. The other material was returned under an agreement defendant said he had with the salesman representing the plaintiff.
One of the issues to be determined by this court is the admissibility of the testimony that is offered by defendant under his pleadings. Plaintiff timely objected to this evidence on the ground that it was an enlargement of the pleadings. It is true that the defendant did not specially plead that the goods were returned under an agreement which he had with plaintiff’s representative, but he does set out that the goods were not ordered and that they were returned to the plaintiff.
This court in the case of Williams v. Fisher, La.App., 79 So.2d 127, 128 said:
“In a case very similar to the present, the Court of Appeal, Second Circuit, held that ‘the answer herein [of general denial] was sufficient to justify the introduction by defendant of any relevant and otherwise admissible evidence tending to show the non-existence of all or any portion of the claimed indebtedness’, J. D. Adams Co. v. Dauterive, [La.App.] 193 So. 506 at page 508. See also Byrne v. Hibernia National Bank, 31 La.Ann. 81, Budreaux v. Tucker, 10 La.Ann. 80, which latter case stated: ‘Special allegations in the answer are not necessary to authorize the introduction of evidence the direct tendency of which is to disprove what the plaintiff alleges.’ ”
The facts as found by the trial court on the merits shows that this merchandise was returned because it was not ordered and, secondly, other parts of the merchandise were returned by agreement with the representative of the company. We find no manifest error by the trial court on these questions of fact.
Plaintiff contends that the trial court erred in denying interest and court costs and cites in support of his contention, Article 554 of the Louisiana Code of Practice which states, “interest at the rate of five per cent should be allowed on all debts from the time they become due, unless otherwise stipulated”, and cites in support of that contention Fidelity & Casualty Company of New York v. Callicott, La. App., 96 So.2d 920.
There is of record check of defendant in in the sum of $82.21 to plaintiff which check was rejected and returned prior to filing of suit.
The Supreme Court, in the case of Louisiana Highway Commission v. Bullis, 197 La. 14, 200 So. 805, at page 806, said:
“The jurisprudence in our state conforms with the universal rule of law to the effect that a formal tender is not required, where it would be of no avail. MacLeod v. Hoover, 159 La. 244, 105 So. 305. See, also, Dwyer Bros. v. Administrators of the Tulane Educational Fund, 47 La.Ann. 1232, 17 So. 796; Southern Sawmill Company v. Ducote, 120 La. 1052, 46 So. 20; 62 Corpus Juris 657, § 5; 26 Ruling Case Law 624, § 3; Vol. 6 of Williston on Contracts, Revised Edition, 5154, § 1819; Vol. 5 of Page on Contracts, *531 5071, § 2872; section 2872 in the Supplement to Page on Contracts; 38 Cyc. 135; section 306 of the Restatement of the Law of Contracts and the comments thereunder; and the articles to be found in the Code of Practice under the heading ‘Of Real Tender,’ beginning with Article 404. The reason for this rule is that the law does not require anyone to do a vain and useless thing.”
Accordingly, for these reasons, the judgment of the District Court is affirmed.
Affirmed.