FRUGÉ, Judge.
This is a suit for money allegedly owed. From a judgment rejecting plaintiff’s demand he brings this appeal.
Plaintiff alleges that on July 17, 1956 he loaned and advanced to defendant $1,000, as represented by a check, dated July 17, 1956, payable to the order of IT. Gossen which has not been repaid. The check was duly endorsed and cashed by H. Gossen, the defendant. Defendant’s answer was a general denial of plaintiff’s petition. On the trial defendant of *265 fered testimony to the effect that this was not a loan, but that it was given to defendant to pay on a bill, that is, a gift to he used for the benefit of defendant’s daughter. Defendant attempted to show that a relationship existed between plaintiff and his daughter to support that conclusion. Plaintiff objected to that testimony being offered. The basis of the objection was that defendant had filed a general denial and was thereby precluded from offering evidence which tended to raise an affirmative or special defense which must be specifically plead in the answer as required by Code of Practice, Article 327 and LSA-R.S. 13:3601(2). The lower court permitted the evidence and made the exception general to all evidence of a similar nature.
We do not find that this testimony was offered as a special defense, but rather that it was offered merely to disprove what plaintiff alleged. The case of Williams v. Fisher, La.App., 79 So.2d 127, 128, treats of the distinction between offering a special defense and a general denial wherein the testimony is offered to disprove what plaintiff alleges. In that case Judge Tate, as the organ of the court, made the following observations:
“Under Article 327, Code of Practice, and * * * LSA-R.S. 13:3601 (2) the defendant must plead special defenses affirmatively in his answer. But referred to are defenses which admit that the obligation exists or did exist, but allege that the obligation is extinguished, for such reasons as payment, remission, compensation, etc., set forth in Article 2130, LSA-Civil Code; or which allege the obligation is voidable, such as for fraud or error, * * * defendant sought to prove not that his own obligation to pay was extinguished or voidable, but that it had never come into existence. * * * ‘the answer herein [of general denial] was sufficient to justify the introduction by defendant -of any relevant and otherwise admissible evidence tending to show the nonexistence of all or any portion of the claimed indebtedness’ * * * ‘Special allegations in the answer are not necessaary to authorize the introduction of evidence the direct tendency of which is to disprove what the plaintiff alleges.’ ”
In connection herewith see Barbari v. Firemen’s Insurance Company, La.App., 107 So.2d 480 (rehearing and certiorari denied) and Sanders Company v. Matthews, La.App., 107 So.2d 529 (rehearing denied) wherein the Williams case (supra) was quoted. Under the tender of the general issue, a defendant has the right to show the falsity of plaintiff’s allegations and that no obligation has ever existed on defendant’s part to plaintiff. See Natchez Pecan Shelling Co. v. Chas. P. Wagner & Bro., La. App., 70 So.2d 598. Under the circumstances of this case it was not error for the trial judge to allow this testimony.
The next question with which we are presented is the burden of proof and whether or not the burden of going forward with the evidence has been met.
Plaintiff maintains that he established a prima facie case when defendant admitted that he received the check, endorsed it, cashed it and received $1,000 and had never repaid any portion of the money transferred; along with the testimony of plaintiff that the check was drawn on his account, that -it was a loan and that it had not been repaid. In support of this position plaintiff relies on Moss v. Robinson, 216 La. 295, 43 So.2d 613, 617. That case involved a question of whether or not consideration had been given by plaintiff to defendant for a note made in favor of plaintiff. The court stated that:
“ * * * when a plaintiff introduces in evidence the negotiable instrument sued on -(legally presumed to have been given for Value received) he is not required in the first instance *266 to produce any further proof of consideration, notwithstanding that the defendant has specifically pleaded a want thereof. The defendant, thereupon, has the burden of going forward with the evidence and rebutting the prima facie case (in favor of plaintiff) thus made out. * * * But if the defendant offers evidence which overcomes the prima facie case, that is, casts doubt upon the reality of tlie consideration, the ultimate burden of proving consideration, by evidence that preponderates, is on the plaintiff ‡ 'Jf. sj? »
The burden of going forward with the evidence is first on the plaintiff; when he establishes a prima facie case of consideration the burden shifts to defendant; but if defendant casts doubt on the reality of the consideration then the burden is back to plaintiff. In the case at bar the defendant is not raising the question of a lack of consideration. Plaintiff further relies on Succession of Woolfolk, 225 La. 1, 71 So.2d 861, 864, wherein proof of a manual gift was considered, that court stated;
“ * * * The manual gift, that is, the giving of corporeal movable effects, accompanied by real delivery, is not subject to any formality.’ This article does not dispense, however, with the necessity of proof of intention on the part of the donor to give. There is an old Latin maxim in law which reads: ‘Nemo presumitur do-nare’, i. e., ‘No one is presumed to give.’ This is but another way of stating that the burden of proving the donation is on the donee, and under the decisions of this Court, the proof to support the donation must be strong and convincing * *
Much is made of the maxim above quoted. However, and conversely, defendant has delved into the past and returned with a maxim, appropriate to his purposes. Rohrbacker v. Schilling, 12 La.Ann. 17, states the proposition thusly:
“ * * =)= Upon this evidence we are compelled to decide whether proof of the bare fact that A. handed a certain sum of money to B. unexplained will authorize A. to recover it back on the allegation that it was a loan. The highest authorities have decided this question in the negative. ‘The mere delivery of money by one to another, or of a bank check, * *, is presumptive evidence of the payment of an antecedent debt and not of a loan * * * Praesumitur quisque solvisse quod erat debitum, ac indebi-tum a se solutum asserens probare debet.’ * * * if * * * [A] handed * * * [B] * * * this money, knowing that he did not owe it, and if there is no proof of his intention, the presumption of law is that it was a gift, and he could not succeed in a suit for its repetition without disproving the presumption. * * * ‘Cujus per error em dati repetitio est, ejus consulto dati donatio est.’ * * We are called upon to presume a loan, when the presumption of the law is that it was either a payment or a gift * * * ”
Thus, to us is assigned the task of resolving two presumptions which are apparently diametrically opposed. According each of the above presumptions an equal status we find that LSA-C.C. 2287 requires that a “legal presumption dispenses with all other proof, in favor of him for whom it exists”. Under these circumstances we do not feel at liberty to say that one or the other of these presumptions shall prevail over the other. Therefore, the general rules of evidence must be applied to the facts, pleadings and testimony of this case.
 As set forth hereinabove, plaintiff first established a prima facie case. Defendant then cast doubt on plaintiff’s position by his testimony and that of the plaintiff. That testimony showed substantial reasons why plaintiff would have given *267 defendant the money. Only plaintiff and defendant testified, the former alleging a loan, and the latter denying a loan. However, defendant showed circumstances that corroborated his testimony. The trial judge did not assign written reasons. We have carefully read the record and have come to the conclusion that plaintiff has not shown with a preponderance of the evidence that it was a loan. We have not discussed the testimony offered on the trial because it would serve no useful purpose. Suffice it to say that the trial judge found the law and evidence in favor of defendant. We have found no compelling reasons that warrant a reversal of his finding of fact. Under the circumstances of this case we find that plaintiff has not carried the burden of going forward with the evidence, and consequently he has not made out his case.
For the foregoing .reasons the judgment of the lower court dismissing plaintiff’s, suit is affirmed. Costs of this appeal to be paid by plaintiff-appellant.
Affirmed.