HARDY, Judge.
In this action plaintiff seeks to recover a diamond ring or, alternatively, the monetary value thereof, upon the ground that the article was delivered to defendant in pledge for a loan of money which had been repaid. Defendant, after particularly denying the allegations of plaintiff’s petition, averred that the ring was donated to him by plaintiff as an outright gift of friendship, without terms or conditions upon the full and unequivocal nature of said gift. From judgment awarding plaintiff the sum of $700.00, established as being the value of the ring, the defendant has prosecuted this appeal.
On trial of the case plaintiff testified that he had borrowed a sum of money from defendant which was subsequently repaid, and another loan of money made by defendant; that after final repayment of all sums to the defendant, he demanded the return of a diamond ring which he had given to defendant in pledge or pawn as security for the repayment of the money borrowed. The only testimony as to the asserted pledge is that of the plaintiff himself, who admitted in his testimony that he had voluntarily given the ring to defendant for this purpose.
Defendant denied the transaction of pledge and testified that the ring was delivered to him by plaintiff as an outright gift in consideration of their long friendship. This testimony was corroborated, at least in part, by one disinterested witness, who repeated a statement made by plaintiff that he had given defendant the ring. The record contains evidence of other alleged gifts made by plaintiff to the defendant and his wife over a period of years, consisting *906 of valuable fishing tackle, a motor, a bottle of Chanel perfume, etc. Despite plaintiff’s insistence that some of these articles were merely loaned, we are convinced that the more reasonable conclusion is that they were gifts made and accepted as such between the parties.
On behalf of plaintiff it is contended that the defense of a donation is a special and affirmative defense which places the burden of establishing the same upon defendant and requires convincing proof in support thereof. On the part of defendant it is urged that the plea of donation is not such an affirmative defense as places the entire burden of proof upon the party asserting same.
This particular question has been thoroughly and ably considered by our brethren of the Third Circuit in Moody v. Gossen, La.App., 125 So.2d 264 (3d) Circuit, 1960). The only distinction between the cases lies in the fact that in the cited case the defense was simply a general denial without a specific allegation as to donation. However, the issue was presented when defendant tendered testimony to show a donation. The opinion of the court held that such testimony did not constitute a special defense but was offered merely for the purpose of disproving the plaintiff’s allegations. We think the same conclusion is proper in the instant case, notwithstanding the fact that the plea of donation was made. As the court pointed out, the presumption against a gift is counteracted by the presumption that an otherwise unexplained delivery establishes a donation.
In the instant case, where defendant testified that the ring was a donation, which testimony was supported not only by the testimony of another witness but by corroborating circumstances, we think he has successfully rebutted plaintiff’s unsupported testimony as to a pledge. It necessarily follows that since plaintiff could not go forward with further proof, he, has failed to establish his claim by a preponderance of the evidence.
It is noted in the brief written opinion of the learned district judge that he predicated his judgment upon the defendant’s testimony that if he had not lost the ring he would have returned it to plaintiff, and completely disregarded the obligation of plaintiff to fulfill his burden of establishing the delivery of the ring as a pledge. In this we think there lies manifest error.
For the reasons assigned the judgment appealed from is reversed and set aside, and
It Is Now Ordered that there be judgment in favor of defendant, Maurice Le-Blanc, rejecting plaintiff’s demands at his cost.