TATE, Judge.
This is a suit by a son-in-law against his mother-in-law to recover $581.85 allegedly loaned. The trial court sustained the mother-in-law’s defense that the amount was a gift.
The plaintiff son-in-law appeals from the dimissal of his suit. The sole issue is whether the trial court erred in holding the money used to pay the mother-in-law’s hospitalization expenses was not a loan.
The legal principles applicable are somewhat disputed. The son-in-law, Simon, relies upon the jurisprudentially established principle that no one is presumed to give, so that he who claims to have received property as a gift has the burden of proving it by strong and convincing evidence. Succession of Woolfolk, 225 La. 1, 71 So. 2d 861; Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502; Vela v. Slavich, La.App. 4 Cir., 185 So.2d 595, certiorari denied.
On the other hand, Mrs. Trahan, the mother-in-law, relies upon jurisprudential expressions that payment or delivery without obligation to do so presumes a gift, a presumption of equal weight to that relied upon by the opposing jurisprudence relied upon by the son-in-law. The counteracting presumptions thus cancel one another, requiring such a case to be decided simply by the usual preponderance of the evidence. See Young v. Le Blanc, La.App. 2d Cir., 144 So.2d 905 and Moody v. Gossen, La.App. 3d Cir., 125 So.2d 264.
Under the circumstances of the present case, we find the latter rule to be more appropriate. Any presumption against the *611 money advanced being a gift is overcome, as will be shown, by testimony indicating it equally likely that the mother-in-law’s hospital bill was paid without expectation of repayment, i. e., as a donation.
The evidence shows:
Mrs. Trahan, the mother-in-law, is a widow. She subsists on $73.30 a month social security and welfare payments, living without rent in the family home. She also collects $35 a month rent on family property, from which she pays the taxes and upkeep and retains the surplus. Her children sometimes contribute to groceries and to her other expenses, and at times she has received a military allotment when one of her boys was in the service.
In 1967 she became ill. A doctor recommended immediate hospitalization for radium treatment. It is uncontradicted that the hospitalization expenses totalled $721.85, and that her son-in-law paid these. (Against this, he allows a credit of $140 as explained below.)
Simon, the son-in-law, corroborated by his wife (Mrs. Trahan’s daughter), testified that the money was advanced as a loan, with Mrs. Trahan agreeing to repay it at $20 per month. On the other hand, Mrs. Trahan testifies that it was a gift— that her daughter did not wish her to go to charity hospital. According to her, her daughter insisted on her being hospitalized locally, agreeing to pay for it.
The plaintiff’s son-in-law further claims that Mrs. Trahan acknowledged the debt by making payments of $140 on it. The itemized list of these shows such irregular payments, most in amounts of $5 and under (although there were two payments of $26 and $21 respectively).
Mrs. Trahan explains these “payments” as follows: When she baby-sat for the Si-mons, she refused payment, since they had been good enough to pay her hospital bill. Her daughter then would give her a receipt for the time she spent. She understood that her daughter intended to make a claim for the net money advanced for the hospital expenses when the family home was sold in succession proceedings. The daughter also admitted that at least on one occasion one of the other children had contributed a payment of $10 to help share the expenses of the hospitalization.
Under all of the circumstances, the accounts of the opposing parties are equally plausible. The testimony is equally susceptible to the money advanced being either a gift or a loan, and to the alleged “payments” upon it being either an acknowledgment or not of a debt.
Ultimately, resolution of the factual issue depends upon which party is telling the truth. We find no manifest error in the trial court’s acceptance of the testimony of the mother over that of her daughter and son-in-law, the three being the only witnesses to the transaction. In the absence of manifest error, of course, the factual determination of a trial court should not be disturbed upon review, especially when based upon a credibility evaluation.
In urging trial court error, Simon also relies on evidence that he himself borrowed the money from his own mother to pay the hospitalization expenses. (He was repaid from the share of the profits in a family enterprise.) The trial court might properly take such factor into account as indicating (under ordinary human behavior) the greater likelihood of loan than of debt, but the circumstance is not of such great weight as to make improbable the contrary testimony tending to prove gift rather than loan.
Likewise, we reject the son-in-law’s contention that any adverse presumption should be drawn from his mother-in-law’s failure to call the attending physician. (It was in his office that the agreement about advancing hospitalization expenses was allegedly reached.)
In the first place, the testimony does not show the physician to have been present during the conversation (which in *612 fact the daughter denies took place at the doctor’s premises, Tr. 25). More important, however, no unfavorable inference is drawn from a party’s failure to call a witness not subject to his control and whose testimony is equally available to either party. See, e. g., Fontana v. State Farm Mutual Automobile Insurance Company, La. App. 3d Cir., 173 So.2d 284.
For the foregoing reasons, we affirm the trial court’s dismissal of the plaintiff’s suit and its holding that the sum claimed was a gift to the defendant and not a loan. The costs of this appeal are to be paid by the plaintiff-appellant.
Affirmed.