AYRES, Judge.
This is an action for a balance of $740.-50 allegedly due on a verbal contract wherein plaintiff, Bryant and Son, Inc., undertook to asphalt a driveway and parking area for the defendant, Red River Machine Works, Inc., at the latter’s place of business.
When the work was completed, plaintiff presented defendant a bill for its charges in the sum of $1,615.50, based upon an agreed price of 75 cents per square yard for the 2,154 square yards in the area contracted to be asphalted. Defendant thereupon paid plaintiff the sum of $800.00 and subsequently made an additional payment of $75.00. The defendant, despite amicable demands, failed to make further payments, and this action followed.
From a judgment in plaintiff’s favor for the balance claimed by plaintiff to be due, defendant devolutively appealed.
The parties are in accord that the contract contemplated the application of two coats, or “shots,” of asphalt. The agreement also provided for leveling and smoothing the parking area and the application of a primer coat prior to the installation of the first coat of asphalt. A coat, or “shot,” of asphalt was described as an application of (1) a layer of asphalt and (2) a layer of gravel. The gravel to be used was classified as C-3, or “pea” gravel, a designation obviously taken from its size. After the application of the gravel, the surface was “rolled” and thereby smoothed and packed. For a second application, or “shot,” the process was repeated.
The dispute relates to the number, of coats actually applied.
Defendant contends only one “shot” was applied. Fergus Bryant, president and principal stockholder of plaintiff corporation, and two of the corporation’s employees testified a “2-shot” job was done. Bryant testified the second application of asphalt was applied by the use of a hand sprayer which, as he explained, was necessary because it was inadvisable, after the application of the first coat, to drive the spray truck upon the freshly laid first coat of asphalt.
Defendant’s president and principal stockholder, Robert S. Cochran, testified only one “shot” of asphalt was applied on the job; that Bryant stated to him at the time only one thick “shot” of asphalt was used. Two of defendant’s employees testified they saw only one “shot” of asphalt applied.
The question presented to the court below, and now to this court, relates to mat *846 ters of fact and the credibility of witnesses. The trial court obviously believed Bryant and his witnesses and accepted as a fact their recitation of what happened.
The rule is well established that the conclusions of a trial court on matters of fact, particularly when based upon evaluations of the credibility of witnesses and the reasonableness and truthfulness of their testimony, should not be overturned except on a showing of manifest error. Griffin v. Pitre, 278 So.2d 809 (La.App., 1st Cir., 1973); Madden v. Mill Engineers, Inc., 236 So.2d SS2 (La.App., 2d Cir., 1970); Simon v. Trahan, 235 So.2d 610 (La.App., 3d Cir., 1970).
We find no manifest error in the judgment appealed. The conclusions reached by the trial court are, in our opinion, supported by the evidence contained in the record.
The judgment appealed is accordingly affirmed at defendant-appellant’s costs.
Affirmed.