*Eastern Dist.*
*January, 1832.*

THORNTON
*vs.*
LINTON.

In an action to rescind the sale of a tract of land on the ground of lesion, the defendant will be permitted to prove the fluctuations in price to which landed property in the same section of country was subject at the time of the sale ; and the plaintiff may give evidence of the price for which the tract in dispute was sold by the defendant.

---

## THORNTON *vs.* LINTON.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF EAST BATON ROUGE.

An allegation that work was defectively executed, necessarily carries with it, the allegation that damages have been sustained.

If work is to be paid for by instalments before it is finished, pleading payment does not admit the work was executed according to contract.

A general allegation that the work was defective, authorises evidence, to show particular parts of it defective.

The facts are stated in the opinion of the court, delivered by *Porter, J.*

This action is brought on a contract, which the plaintiff entered into with the intestate in his life time, by which the latter agreed to pay him two thousand five hundred dollars for the materials in wood, and the workmanship thereof, necessary to the completion of a sugar house, of which the walls were in brick. The plaintiff claims one thousand four hundred and seventy-four dollars, as the balance due on the original agreement, and four hundred and forty dollars for extra work not embraced in the contract.

The answer denies the indebtedness of the succession in the sum of one thousand nine hundred and fourteen dollars, or any other sum, and further avers :

That it is true, such an agreement as that specified in the petition was entered into, but that the plaintiff did not execute the same, that on the contrary, the house is unfinished and incomplete, and the work done, materially defective.

That Browder in his life time, paid and advanced to the petitioner on account of his agreement, a larger sum of money than he acknowledges to have received, viz : the sum of six hundred and fifty-one dollars and forty-seven cents, and which the defendant has a right to have compensated on account of said agreement.

That the petitioner, at the sale of the estate of Browder, purchased sundry articles to the amount of five hundred and ninety-nine dollars and eighty-seven cents, and which the defendant is entitled to have compensated against the said petitioners claim, or to have judgment rendered in favor of the defendant, for the amount of the purchases in reconvention, or so much thereof as will be over and above compensating the demands of the petitioner.

The answer concludes with a prayer that the sum of one thousand and twenty-six dollars credited by the plaintiff, and the six hundred and fifty-one dollars and forty-seven cents omitted by him, be decreed to be a full compensation of all the claims of the petitioner, and the judgment to be rendered in favor of the respondent, for five hundred and ninety-one

dollars and eighty-seven cents, in reconvention with costs of suit, or that the same may be a compensation for such claim as the evidence may establish.

To this plea, in reconvention, the plaintiff filed an answer, admitting part of the demands therein contained, and denying others.

On the trial the defendant asked a witness, introduced on the part of the plaintiff, *whether the roof of the sugar house was defective and to what extent.* This testimony was objected to as inadmissible, on the following grounds.

1. There is no claim for damages in the answer, nor is it averred any loss has been sustained in consequence of the plaintiff having failed to comply with his contract.

2. That the general issue was waived by the plea of compensation.

3. That there is no special setting forth of the defect of the work, so as to put the plaintiff on his guard, and if the testimony were admitted, the plaintiff would be taken by surprise.

An allegation that work was defectively executed, necessarily carries with it, the allegation that damages have been sustained.

The court sustained the first and third objection, and rejected the testimony.

There was not any necessity for the defendant averring he had sustained damages to a certain amount, for damage to some amount necessarily resulted from the allegation, if it were true. The defendant alleges, the work was defectively done. The contract provided it should be faithfully done. Now *if a particular sum be promised for good work,* that which is inferior or bad, cannot be worth so much, and the mere allegation that it is so, is virtually an allegation that less is due than the amount claimed. But in truth, the extent of the damage is substantially alleged in the answer. The plaintiff claims one thousand nine hundred and fourteen dollars, after allowing a credit of one thousand and twenty-six dollars. The defendant states, that this sum of one thousand and twenty-six dollars, together with that of six hundred and fifty-one dollars and forty-seven cents *are full compensation of all the plaintiff's demands,* and the difference between the sums and that claimed, viz : one thousand and sixty-two dollars and thirty-three cents, is consequently the loss alleged.

If work is to be paid for by instalments before it is finished, pleading payment does not admit the work was executed according to contract.

The general issue it was said, was waived by the plea of compensation, and the case was assimilated to that where payment was pleaded. Admitting the analogy to be complete, the evidence should have been admitted. The answer does not deny, but on the contrary admits the contract. It confesses the agreement as the plaintiff sets it out, but alleges a want of performance on his part. By this contract, we see five hundred dollars were to be paid, when the mill and boiling house were completed, and fifteen hundred dollars on the first February, then next ensuing. An allegation of payment made under these promises, does not exclude proof of the work being defectively executed, for the defect might not be discovered until after the payment was made, and therefore, the plea of compensation to an amount less than that claimed in the petition, does in no manner admit that the whole sum covenanted to be paid, was really due.

On the third ground we think, the general allegation of the work being materially defective, authorised the exhibition of evidence, that the roof of the house was defective. The allegation went to the performance of the whole work, and consequently embraced every part of it. The petition alleges that the work set forth, and the materials as described in said contract, according to the tenor, import and interest therein, were executed and finished by the petitioner. The answer denies this fact, and alleges a defective performance. This in our opinion, was sufficient. Our law neither recognises or requires a particular form of allegation. It is sufficient the party be apprised of the defence, and that object is substantially obtained, by informing him the work was defectively executed. The precise question, presented by this objection, was decided in the case of Bethmont vs. Davis, 8th Martin, O. S. 391.

A general allegation that the work was defective, authorises evidence to show particular parts of it defective.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be annulled, avoided and reversed, and it is further ordered and decreed, that this case be remanded to said court, with directions to the judge thereof, not to reject the evidence of defect in the work executed by the plaintiff, and it is further ordered, that the appellee pay the costs of this appeal.