HENRY BONNABEL *v.* URSIN BOULIGNY, Sheriff.

Under the general issue, the defendant may show any fact tending to prove that he is not indebted to the plaintiff, as alleged in the petition.

In actions against officers for neglects, the redress in damages should always be proportioned to the injury really sustained. It would be unjust in such cases to place the plaintiff, at the expense of the defendant, in a better condition than he would have been had no such neglect occurred.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

*Grivot,* for the appellant, submitted the case without argument. No counsel appeared for the appellee.

MORPHY, J. This action is brought against the sheriff and keeper of the public jail of New Orleans, for having set at liberty a debtor, who had been held to bail at the suit of the plaintiff, and was detained on a charge of fraud under the act of 1840, to abolish imprisonment for debt. After setting forth the indebtedness of the said debtor, one Joshua J. Hall, the petition avers that at the time the plaintiff's writ of arrest was executed, to wit, on the 9th of May, 1840, the said Hall was already in the custody of defendant under various writs of bail issued against him. That on the 14th of the same month, it appearing that no board had been paid by any of the creditors who had caused him to be arrested, the defendant wrote a letter to the petitioner, informing him that no jail fees had been paid since the 10th of May, and advising him that if they were not regularly paid, he would release the said Hall. That thereupon the plaintiff immediately sent and paid to the said Bouligny $3 50, for the jail fees of said Hall for the week commencing on Sunday, the 10th of May, 1840; and that every week thereafter he paid his jail fees punctually. That on the 26th of December, 1840, that day being a Saturday, plaintiff sent his clerk, as usual,

to pay the weekly allowance, or jail fees, for the said J. J. Hall, when he was informed that his said debtor had been set at large by the said sheriff, on the ground that no jail fees had been paid, when in fact they had been paid in advance for the previous week, which ended only on the 26th of December, at twelve o'clock at night. The petition further avers that by this act of the sheriff, the said J. J. Hall has absconded, and that the plaintiff has been deprived of all the resources, rights, and privileges which are granted to him by law on the person of his debtor, and that the defendant, by thus setting the said Hall at liberty illegally and without authority, when his jail fees were paid, has rendered himself liable to pay the amount of his claim against the said Hall, amounting to $2862 89, with interest and costs, and $115 50, the amount of jail fees paid to said Bouligny from the 10th of May to the 26th of December, 1840. The defendant pleaded the general issue.

The case was tried by a jury, who found in favor of the defendant. Judgment having been entered upon this verdict, notwithstanding a motion to set it aside as contrary to the law and evidence of the case, the plaintiff appealed.

We find in the record, which has been submitted to us without argument, a bill of exceptions to the opinion of the judge below, who admitted evidence to prove the insolvency of J. J. Hall. This evidence had been objected to on the ground that no such defence had been set up in the answer, which contained only a general denial; and that it should have been pleaded specially. The judge, in our opinion, decided correctly. Under the general issue, the defendant had the right to show any fact tending to prove that he was not indebted to the plaintiff as set forth in the petition; but it appears, moreover, from the bill of exceptions, that the evidence was admitted only after an offer had been made by defendant's counsel to continue the case, so that if plaintiff were taken by surprise he might have a chance of procuring evidence to show the solvency of Hall.

The receipts of the sheriff, produced on the trial, show that the plaintiff paid in advance, as required by law, the jail fees for the keeping of his debtor on the Saturday of every week, from the 10th of May, 1840, up to the 13th of November, from which time he began to pay the fees on the Friday of every week; and the last

receipt mentions expressly that it is given for the week ending at twelve o'clock on the night of the 25th of December, 1840. This change in the time of paying the fees, which was the act of the plaintiff, might have misled the defendant or his officers. The weekly allowance not having been paid as usual on that Friday, the debtor was set at liberty on the following day between the hours of ten and eleven o'clock. The record shows, moreover, that the said Hall was utterly insolvent, that he had failed shortly before, and that various executions issued against him in the fall of 1840, were returned, ' *no property found.*'

Under these facts the jury had two questions to solve, that of the liability of the defendant, and that of the extent of the injury sustained by the plaintiff. Their finding is a general and absolute one in favor of the defendant. We cannot ascertain whether it is based on their opinion of the non-liability of the defendant, or of the absence of any injury to the plaintiff. Be this as it may, we can see no good ground to disturb their verdict. We have held that in cases of this kind, the redress in damages should always be proportioned to the injury really sustained; and that it would be unjust to put the plaintiff, at the expense of the defendant, in a better condition than he would have been, had the act complained of not been committed. 5 Martin, N. S., 122. 17 La., 569. Had J. J. Hall remained in the custody of the defendant, and been convicted of the charges of fraud preferred against him, the punishment of three years imprisonment, pronounced by the statute, might indeed have been of some advantage to the community by deterring others from similar practices, but could not in any way have assisted the plaintiff in recovering his money. He cannot then be said to have suffered any injury in a pecuniary point of view, even if, under the evidence, the defendant had clearly made himself liable by the course he pursued.

*Judgment affirmed.*