## BUDREAUX *v.* TUCKER et al.

In an action on a *quantum meruit*, the defendant may prove that plaintiff offered to perform the work for an amount less than that charged in the account sued on.

Special allegations in the answer are not necessary to authorize the introduction of evidence, the direct tendency of which is to disprove what the plaintiff alleges.

APPEAL from the District Court of the Parish of Lafourche, *Cole*, J. *Hall & Bush*, for plaintiff. *Belcher*, for defendants and appellants.

OGDEN, J. The plaintiff sued on a *quantum meruit* for services rendered to the defendants in burning and setting bricks, and for masonry work.

On the trial, the defendants offered to prove that the plaintiff had agreed to do the work for a certain price, which was less than that charged in the account sued on, to which the plaintiff objected, and the court rejected the testimony on the ground, that there was no special contract set up in the answer.

We think the court below erred in rejecting the testimony. It was admissible under the general issue, to disprove the plaintiff's allegation as to the value of the work, and ought to have been received to be weighed with the other testimony, in determining the amount which the plaintiff was entitled to charge for the services rendered. Special allegations in the answer are not necessary to authorize the introduction of evidence, the direct tendency of which is to disprove what the plaintiff alleges. *Powers* v. *Steamboat Patriot et al.* 3 L. R. 347. *Stone et al.* v. *Clifford*, Ibid 349. The answer of the defendants contains an averment "that the prices charged were more than the defendants ever promised to give, and more than the work done was worth, and the evidence offered was proper also to support this averment."

For the same reason, we think the court below erred in ordering to be stricken out a portion of the testimony of one of the witnesses, who deposed to the acknowledgement made by the plaintiff as to the price he was to receive.

The evidence offered by the defendants as to the failure of the plaintiff to make the quantity of bricks required for the brickwork on the plantation, and as to the injury sustained by the delay occasioned in hauling wood, ought also to have been received, as those facts are made the ground in defendants' answer of a plea in compensation and reconvention.

It is therefore ordered and adjudged, that the judgment of the court below be reversed; and that the cause be remanded for a new trial, with directions to the Judge below to receive the testimony which was rejected on the former trial; and that the plaintiff and appellee pay the costs of this appeal.