### No. 9832.
### Orleans Appeal.

WM. J. RICHARD, Appellant, v. PRODUCERS' DISTRIBUTING CORP., ETC.

(January 5, 1925, Opinion and Decree.)

(January 19, 1925, Rehearing Refused.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Pleading—Par. 115. Under a general denial any evidence is admissible to show that defendant is not indebted to plaintiff.

2. **Louisiana Digest—Master and Servan —Par. 7, 8, 12, 17.**
A mere warning to an employee that his services will be dispensed with unless his work produces better results does not amount to a discharge.

3. **Louisiana Digest—Master and Servan —Par. 20.**
A traveling agent will not recover salary or expenses incidental to his visits to cities not named in his itinerary.

Appeal from First City Court, Hon. Leon L. Labatt, Judge.

Plaintiff claims salary. Judgment for defendant. Plaintiff appealed.

Judgment reversed.

WESTERFIELD, J., dissents.

Ernest J. Robin, attorney for plaintiff and appellant.

Woodville & Woodville, attorneys for defendant and appellee.

CLAIBORNE, J. Plaintiff claims salary.

He avers that on June 3, 1924, defendant employed him as a traveling salesman at a salary of $40 per week, plus traveling expenses; that the defendant owes him salary for the two weeks, ending June 21 and 28, 1924, plus traveling expenses for the week ending June 21st_____$44.75
and for the week ending June 28th_____ 51.88

making in all $176.63.

That his services ended June 28, 1924, when he returned to New Orleans.

The defendant admitted the employment as alleged, but denied all the other allegations of the petition. They averred that the plaintiff "was given a fixed territory and designated cities in writing, which, and which only in said contract of employment he was to visit as solicitor for respondent"; that his services were unsatisfactory; that on June 17 defendant notified plaintiff that unless he produced better results they would dispense with his services; that this notice operated as a dismissal from and after the week ending June 21, 1924; that defendant paid plaintiff all salary up to said June 21st, and all the expenses for the week ending June 14, 1924; that the expense account for the week ending June 21st, say $44.75, was not paid for the following reasons:

1. That the plaintiff was not entitled to salary for Monday and Tuesday, June 16 and 17, say $13.32, on his visit to Monroe, which was not included in his itinerary, nor for his expenses during those two days, say $14.00, amounting to $27.32.

2. That defendant advanced the plaintiff $42.49.

That these two items amount to $69.81, or $25.06 in excess of plaintiff's expense account for the week ending June 21, 1924, for which he is indebted to defendant.

Defendants further aver that they owe nothing to plaintiff for salary for the week ending June 28th for the reason that he was discharged at the end of the week dated June 21st.

There was judgment in favor of defendant dismissing plaintiff's suit and he has appealed.

The defendant first filed an answer in the following words: "I hereby deny the claim". He afterwards filed the extended supplemental answer mentioned hereinabove. To this supplemental answer plaintiff objected. We see nothing in the supplemental answer that could not have been shown by evidence under the general denial. Under that plea any evidence is admissible to show that defendant is not indebted to plaintiff. Chase vs. New Orleans Gas Light Co., 45 La. Ann. 302, 12 South. 308; Barr vs. Henderson, 105 La. 693, 30 South. 158; Bonnabel vs. Bouligny, 1 Rob. 292.

The plaintiff did not object to the introduction of evidence nor did he plead surprise. Young vs. Texas & P. Ry. Co., 51 La. Ann. 295, 25 South. 69.

It is admitted that plaintiff is entitled to Eighty Dollars, or to the salary of two

weeks ending June 28th unless he was discharged on June 21st.

The defendant says that he was discharged on June 21st by the following letter addressed to him, dated June 17th:

"You can readily understand that we cannot keep you going at the present rate, and unless you show a substantial increase in results produced by the end of this week, we shall be obliged to dispense with your services."

We do not consider the language of this letter as a discharge. It is only a warning a threat, that if plaintiff did not do better that defendant would discharge him.

That defendant himself so understood the letter is made evident by the fact that on June 24th he wired the plaintiff as follows:

"Regret necessary confirm letter June seventeenth impossible carry you further in face of deplorable results shown."

Plaintiff is therefore entitled to salary for two weeks, or $80.00. As a corollary he is entitled to his legitimate expenses during those two weeks. He sets them up to $96.63. But on account of these he admits having received $40 by check dated June 21st, thus reducing this claim to $56.63.

The defendants urge that they are entitled to a further credit of $27.32, amount of two days' salary and expenses during plaintiff's unauthorized visit to Monroe.

We think the defendant entitled to that reduction. The names of the cities the plaintiff was instructed to visit were given to him in writing. He had no right to visit others and charge the cost to the defendant. The defendant testifies that plaintiff told her that he went to Monroe for the week-end, because he did not want to spend that time in a country town. This is not contradicted. Plaintiff's claim of $56.63 for expenses is thereby reduced to $29.31.

Defendant claims that he is entitled to a further reduction of $42.49 advanced to the plaintiff. Plaintiff resists this demand for the reason that the money was advanced by defendant's manager personally and not for account of defendant. That was true in the origin. But the defendant subsequently ratified the advance made by its manager and reimbursed her the sum. The plaintiff therefore owed the money to the defendant. Deducting this amount of $42.49 from the salary account of $80.00 and the expense account of $29.31 due to plaintiff leaves a balance due to him of $66.82.

It is therefore ordered that the judgment herein be reversed and avoided; and it is now ordered that there be judgment condemning the defendant, the Producer's Distributing Corporation, to pay to the plaintiff, William J. Richard, the sum of Sixty-six 82-100 Dollars with five per cent. per annum interest from August 8, 1924, and all costs.