DE SOTO–HILTON HOTEL CO., Inc., Plaintiff-Appellee, v. J. Sully MARTEL et al., Defendants-Appellants.

No. 16120.

Court of Appeal of Louisiana. Orleans.
June 24, 1935.

H. M. Ansley, of New Orleans, for appellant.

S. C. Hartel and J. C. Sporl, both of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit against the maker and indorser of a promissory note in the sum of $100.

There was judgment below as prayed for, and the indorser alone has appealed.

The defense as set forth in the answer consists in the contention that the defendant Henry C. Whiteman is the surety and entitled to notice of dishonor which was not given, and that therefore he is released from all obligation on the note.

On the trial of the case below the defendant Martel, who failed to answer, made no appearance, and no proof of any kind was offered in behalf of the defendant Whiteman.

The note, which was offered in evidence, contains the following stipulation:

"The makers, endorsers, guarantors and sureties hereby severally waive presentment for payment, demand protest and notice of protest and non-payment, and also all pleas of division and discussion. This note may be extended without notice and without affecting the liabilities of any of the parties hereto."

It is obvious that the judgment appealed from must be affirmed.

In this court appellee has asked for 10 per cent. damages for frivolous appeal under article 907 of the Code of Practice.

It is ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended, by increasing the amount thereof by 10 per cent., and, as thus amended, it is affirmed.

Amended and affirmed.

T. L. BERGAMINI, Plaintiff-Appellee, v. Mrs. J. F. BRENNAN, Defendant-Appellant.

No. 16106.

Court of Appeal of Louisiana. Orleans.
June 24, 1935.

Michel Musson, of New Orleans, for appellant.

Harold J. Winling, of New Orleans, for appellee.

LECHE, Judge.

Plaintiff, as holder and owner thereof, filed this suit against defendant as the indorser of a certain promissory note in the sum of $500, with interest and attorney's fees. The defendant filed her answer admitting the note and her signature thereto, but setting up the special defense that the whole transaction was involved in the gambling business contrary to the laws of this state, consequently there was no valid consideration therefor, and praying that the suit be dismissed. Plaintiff then filed a motion to show cause why judgment should not be rendered on the face of the pleadings, inasmuch as defendant had admitted certain material allegations of fact contained in plaintiff's petition, and judgment was so rendered. It is from this judgment that defendant appeals.

It is true that defendant admitted certain allegations of fact contained in the petition, but it is obvious from a perusal of the answer that defendant intended to and did allege a special defense that the note sued on was involved in a gambling transaction, and therefore illegal, null, and void. Our interpretation of the answer convinces us that defendant is entitled to a trial on the merits and an opportunity to prove the special defense set up by her, and, for the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that this case be remanded to the civil district court for the parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.