**GROSJEAN, Collector of Revenue, v. VALLOFT & DREUX, Inc.** *

No. 17133.

Court of Appeal of Louisiana. Orleans.

Jan. 23, 1939.

*Rehearing denied 186 So. 364.

Deynoodt & de la Vergne and Bennett Meyers, all of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., and Justin C. Daspit and Maurice B. Gatlin, Sp. Asst. Attys. Gen., for appellee.

JANVIER, Judge.

This suit was brought by the Collector of Revenue for the State of Louisiana to collect $196.19 as a tax on cigars, cigarettes and smoking tobacco, on which it is charged that the said tax has not been paid as required by Act No. 4 of 1932.

The defendant, Valloft & Dreux, Inc., a corporation, is a wholesale dealer in such merchandise, and the plaintiff charges that an audit of the books of the said dealer has been made and that, according to that audit, the following amounts—making up the said total—are due:

"Period from June·1, 1937 to August 31, 1937 ................ $ 53.59
Period from September 1, 1937 to December 31, 1937........ 30.05
Period from June 1, 1938 to August 31, 1938................ 112.55
                                   ———
  Total ...................... $196.19."

Defendant admits that an audit of its books has been made and that, according to the audit, the amounts claimed are due, but it avers that for various reasons the amounts shown, although based on its books, are not correct for the reason that some of the merchandise shown to have been received was not actually received during the period shown, and defendant further avers that some of the said merchandise was not sold by it but was lost through a fire on one occasion and through systematic robberies on others and through mysterious disappearances on still other occasions.

Plaintiff concedes that, since the statute does not make the tax payable on merchandise in the possession of the dealer but only on such as is sold, if, as a matter of fact, the defenses relied on had been properly pleaded and had then been supported by evidence, they would be valid as a matter of law. But plaintiff maintains here, as she successfully maintained below, that the allegations in the answer are so vague and indefinite as not to authorize the introduction of evidence in support thereof.

The issues, then, as they are presented to us, are very narrow:

(1) Was the district court correct in excluding all evidence tendered in support of the allegations which plaintiff contends are vague and indefinite, and,

(2) If so, should the matter be remanded and defendant given an opportunity to amend by averring with sufficient clearness and detail the fire loss, the various robberies, the systematic disappearances and errors appearing on its books, all of which, plaintiff complains, are but vaguely referred to in the answer.

It is argued on behalf of defendant that there was no necessity that it allege any of the facts or details concerning any of the ·said occurrences and that, since the tax is, by the terms of the statute, payable only on merchandise sold by it, all that it was required to do was to deny that it sold the merchandise on which it is claimed that the tax is due and that, in support of this denial, it should have been permitted to prove any facts which would tend to show that the said merchandise had not been sold—in other words, that it was not necessary that it make any allegation at all except to deny that it had sold the merchandise.

■ Of course, it is true that where, as a part of plaintiff's case, any particular allegation of fact is necessary, all that the defendant need do is deny that fact and that then, in support of that denial, it may introduce any evidence which tends to show that plaintiff's allegation is not true. Lurie v. Titcomb, 139 La. 9, 71 So. 200.

■ But that doctrine has no application here, where the defense bears great similarity to what is known as a plea in confession and avoidance—a special defense. Where such defense is made, allegation and proof of the fact on which it is based are necessary. It is true that the statute bases the tax on goods sold and not on goods in possession, but it provides a method by which the collector may obtain prima facie evidence and requires that the dealer must keep books, records and memoranda of purchases so that the employes of the collector may compare those purchases with the quantities of stamps bought by the dealer to be affixed before the sale of the merchandise. There is no doubt, as it seems to be conceded by all, that the framers of the act intended that, by this method, the collector should determine—subject, of course, to correction by proof—whether the dealer had paid, by the purchase and the affixing of stamps, all taxes due on merchandise purchased for sale to retailers or consumers, and that, therefore, it was also intended that, in the absence of proof to contradict or vary the said books, records, or memoranda, entries made therein should be considered as establishing the quantities of stamps which the dealer should buy to be affixed to that merchandise, and, consequently, as fixing the amount of tax due.

■ If, then, a dealer concedes that his records—kept as required by the statute—do not correctly portray the facts on which his tax liability should be based, he should be required to allege clearly and in some detail, at least, the facts showing wherein his books are incorrect, or the facts on which he bases his reason that the tax is not due.

■ Counsel for defendant, in contending that the allegations in the answer are sufficiently detailed and specific to authorize the introduction of proof, maintains that, as a matter of fact, no allegation at all was required, and, as authority for this contention, cites State v. De Soto Wholesale Grocery Co., Inc., 183 La. 829, 165 So. 2, in which all of the issues presented were remarkably similar to those under consideration here. The tax involved was that imposed by the same statute and one of the defenses was that, though the merchandise had been purchased by the dealer for resale, it had not been sold because much of it had been stolen from the dealer before it could be sold. In the answer filed by the defendant in that case there was no allegation whatever concerning such theft or robbery, the defendant merely denying that the merchandise had been sold without the affixing of the tax stamps. When the defendant offered evidence to prove the theft, the attorney for plaintiff objected on the ground that the allegations of the answer did not authorize the introduction of evidence to show ·such theft and the district judge ruled that there was no necessity that there be any allegation since the evidence tended to disprove the necessary allegations of plaintiff's petition. In the opinion of the Court of Appeal, no reference was made to the question of the admissibility of the evidence. But that court held, on the sufficiency of the evidence, that there was proof of the theft, and thus—by inference at least—approved the ruling of the district court as to the admissibility of the said evidence. When the matter reached the Supreme Court on writs of certiorari, that court found other reasons to reverse the judgment rendered below, but carefully refrained from expressing any opinion on the admissibility of the evidence, stating that no complaint on this ruling had been made either in the Court of Appeal in application for rehearing, or "in the assignment of errors" attached to that application for rehearing, and said [page 4]:

" * * * in the petition to this court for a review of the case, the errors alleged to have been made by the Court of Appeal were only those which were complained of in the assignment of errors, in the petition to that court for a rehearing."

All that the Supreme Court said, then, was that it considered the question of admissibility of the evidence settled for the purposes of that case by the failure of the applicant for the writs to assign that ruling as error. Note the following:

"* * * It appears, therefore, that the objection to the admission of evidence to

prove the theft of a part of the stock of cigars and cigarettes was disposed of by the decision rendered by the Court of Appeal."

Note also that the Supreme Court, in approving in some particulars the result reached below, carefully refrained from including its approval of the ruling admitting the evidence:

"* * * We affirm the decision of the district court and of the Court of Appeal on the sufficiency of the evidence on that subject."

We therefore interpret that decision, not as counsel for defendant would have us construe it—as authorizing the view that the Supreme Court said that the evidence was admissible—but, rather, as hinting at the contrary, that, had the question been presented, the court would have held the evidence not authorized under the allegations of the answer.

However, even if the case could be construed as authority in favor of admissibility, we think it could be distinguished from the case at bar on another ground. There the plaintiff alleged that the merchandise had been sold and the denial that it had been sold might have been considered as authorizing proof of any facts which tended to show that that allegation was not correct.

Here the allegation is that the books of the defendant showed that the tax is due and, when the defendant answered that allegation by admitting that the books did show such tax to be due, it necessarily coupled with it an allegation showing why those books should be disregarded. Since such additional allegation was necessary, we consider it also necessary that the allegation be made with sufficient clarity to put plaintiff on her guard so that she might attempt to obtain evidence to contradict that which defendant might be expected to tender in support of such allegation. That the allegations did not do this is evident from a mere reading of them. For instance, the allegation with reference to the alleged robberies is that "respondent has been systematically robbed and burglarized of both stamped and unstamped cigars and cigarettes and tobaccos which considerably affected said audits". There is no allegation setting forth the extent to which the said audits were affected, nor giving the dates of the robberies, nor the quantities of merchandise stolen. The same may be said concerning the alleged fire loss, for here, again, no date is given, nor is the quantity of merchandise lost set forth. The allegation reads: "That respondent suffered a fire loss * * * which considerably affected said audits." Nor is any information given which would advise plaintiff as to the extent of the errors in the books themselves. All that the defendant avers is that sometimes entries are set up when invoices are received—before the goods themselves are received. There is no allegation showing the dates on which any such invoices were entered, nor the quantities of merchandise which were involved.

The same may also be said concerning mysterious disappearances. No dates, values, nor quantities are shown.

Defendant cites many cases in which vague answers were held to be sufficient to authorize the introduction of evidence. But we think that each one of them can be explained under its facts.

In Bergamini v. Brennan, La.App., 162 So. 80, the question of the sufficiency of allegation was in no way involved. The report of the decision by this court does, it is true, show that the defendant's answer to the suit, which was one on a note, was that "the whole transaction was involved in the gambling business contrary to the laws of this state". But there is nothing to show that all of the details of the alleged gambling contract were not set forth in the answer. The question before this court was not whether the allegations of plaintiff's answer were sufficient to permit of the introduction of evidence, but whether there had not been included in the said answer other allegations which in themselves authorized a judgment against defendant on the face of the pleadings, and all that this court said was that these other allegations did not authorize such a judgment.

In Budreaux v. Tucker et al., 10 La. Ann. 80, the plaintiff alleged that he had done certain work properly and had furnished certain quantities of bricks. The answer was a general denial and, in support of such general denial, defendant tendered evidence to show that the work had not been properly done and that the quantities of bricks had not been furnished. Objection was made and, when the matter reached the Supreme Court, that court said that no special defense had been set up and that the mere denial by defendant of plaintiff's allegations authorized the

introduction of the evidence which was tendered:

"Special allegations in the answer are not necessary to authorize the introduction of evidence, the direct tendency of which is to disprove what the plaintiff alleges."

In Barr & Hettermann v. Henderson, 105 La. 691, 30 So. 158, is found a suit for damages for breach of contract due to alleged failure of defendant to operate a saw mill and cut plaintiffs' timber. Coupled with the suit for breach of contract was a claim for punitive damages for intentionally failing to run the mill. There was a general denial and the defendant sought to introduce evidence showing the conditions which made it impossible to operate the mill. Objection was made on the ground that the allegations in the answer did not authorize the introduction of such evidence, but the court held that the denial of the charge that the failure to run the mill was intentional authorized the introduction of any evidence which would disprove such charge.

In Richard v. Producers' Distributing Corporation, 1 La.App. 406, the defendant filed a general denial and later filed answer setting forth in detail the reasons for which he contended that he had discharged the plaintiff and, therefore, owed him no salary. The plaintiff objected to the filing of the supplemental answer, but when this objection was overruled, went to trial and "did not object to the introduction of evidence nor did he plead surprise".

In Hawkins v. New Orleans Printing & Publishing Co., 29 La.Ann. 134, there was both a general denial and a special defense. All that the court held was that, where there is both a general denial and a special defense, a general denial does not prevent proof of the allegations on which the special defense is based.

In Thornton v. Linton, 3 La. 253, is found a suit for the contract price of erecting a building. It was alleged that the building had been properly constructed and was complete. The defense was that "the house is unfinished and incomplete, and the work done, materially defective". It was contended that those allegations were so vague as not to permit the introduction of proof in support thereof. But the court held that the evidence was admissible under the general issue since it tended to disprove the allegations of plaintiff that the work had been properly done and was complete.

The distinction between all of those cases and the case at bar is, as we have said, that in all of them the general denial put at issue the allegations of the plaintiff's petition and the proof tendered disproved those allegations, whereas here the answer admits the allegations of plaintiff's petition, but sets forth other facts which, it is contended, show that no tax is due, which tax, if the allegations of plaintiff's petition are true, is due. Therefore, the allegations of the answer tender a special issue different from that raised by plaintiff's petition. In such case it is always necessary that the defendant make allegations sufficiently specific to admit of proof and then tender proof sufficient to support the said allegations.

"The most general averment of the answer is a mere conclusion of the pleader and insufficient to admit any evidence with reference to alleged errors of fact, and, therefore the trial judge correctly excluded defendant's tender of evidence on that score." Sellwood v. Phillips, 185 La. 1045, 171 So. 440, 441.

Defendant contends that at worst it should be given permission to amend its answer and to set forth the details of the occurrences at which, at present, the answer does scarcely more than hint. Counsel contends that the modern tendency is always to permit an amendment where no harm can result and where the absence of necessary allegation is not obviously due to inability to allege, but merely to failure to do so.

■ There is no doubt that the current tendency is to permit amendments where no harm will result. Supervisor of Public Accounts v. Bernard, La.App., 150 So. 672; Reeves v. Globe Indemnity Company of N. Y., 185 La. 42, 168 So. 488; Tulane Law Review, Vol. IX, page 17, "The Exception of No Cause of Action in Louisiana", at page 51. There is some doubt as to whether this liberality is applicable where it is insufficiency of allegation in an answer which is involved, and it is contended that, where an answer is vague, the proper remedy of the plaintiff is to object to evidence and that no amendment should be permitted. Assuming that the liberal rule permitting amendments where no harm can result and where the necessity for amendment results from mere failure to allege the necessary facts is applicable to answers as

well as to petitions, there are two reasons which would prevent its application here.

We find, in the present case, that when the evidence was objected to, no request to amend and amplify was made.

"* * * Defendant made no effort to amend or supplement his answer * * *". Sellwood v. Phillips, supra.

We find, also, that this is a case which the Legislature of Louisiana has declared must be tried summarily and without any delay and in which all pleadings must be filed at one and the same time. Section 2 of Act 14 of the Second Extraordinary Session of the Legislature of 1935 reads as follows:

"* * * all defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Code of Practice."

Because of this statute, therefore, even if the request for permission to amend had been made at the proper time there would be grave doubt as to whether, in this type of case, the amendment should be permitted.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.