KENNON, Judge'.
This is a suit by plaintiff to recover $214,-28 as the past due .balance,owed by defend *552 ants under a contract' between plaintiff and defendants, reading as follows:
“Dec. 23, 1949 “State of Louisiana Parish of Ouachita '‘Contract #2,
“This contract and agreement entered into by and between Ursey & Ursey, (sic) Car-mern St., Monroe, La. and J. W. Moore dba Twin City Dec. Co., West Monroe, La. to decorate a residence at or in the eleven hundred block of Milton St. ‘
“To tape and float sheetrock joints thruout house, apply light textone stipple, size and paint walls and ceiling (2) coats, paint wood trim thruout house (3) coats, paint exterior trim (3) coats.
“The paint contractor has the right to draw (75%) of contract price of work that. has been performed, balance due and payable not later than (10) days after work has been completed. Contract price ($775.-00) Seven hundred and seventy five dollars, furnishing all labor and materials, pay state and federal tax, and workmans comp, insurance.
“All work will be carried on in a workman like manner and the same will be expected of the building contractor and all other workers on job.
“J. W. Moore s/ J. W. Moore Ursey & Ursey (sic)
s/ Johnnie Usrey, Jr. Partner s/J. W. Usrey”
Defendants in answer admitted that they entered into the above contract with plaintiff, but asserted that the plaintiff did not complete the work under the contract in a satisfactory or workmanlike manner, and that it would cost more than the balance due under the contract to complete, in a satisfactory manner, the work which plaintiff had contracted to do. The answer concluded with a prayer that there be reduction in the consideration of the contract from the $775.00 provided therein to the $'560.72 paid by defendants to plaintiff, and that plaintiff’s demands be rejected at his costs.
On trial of the case, the judge sustained plaintiff’s objections to testimony • seeking to" show the expense incurred by defendants in correcting defects in plaintiff’s work on the ground that such testimony was not admissible under the pleadings. Judgment was rendered in favor of plaintiff for the amount sued for. The Court in the judgment reserved to defendants "the right to sue for whatever amount of damagés that they might have suffered as a result of the contract herein sued upon not having been properly performed.”
Defendants have appealed.
Plaintiff’s counsel at the trial objected to the introduction of all testimony offered by defendants to show the defective and unsatisfactory character of plaintiff’s work, or showing that additional work was done on the house in order tó complete or correct the work covered by the contract. The District Court sustained the objection as to portions of this offered testimony on the ground that it was not “admissible under the pleadings.” A portion of the testimony on these points was admitted subject to plaintiff’s objection. A reading of the statement dictated into the record by our learned brother of the District Court after the case was submitted, shows that he concluded that he was not justified under the pleadings in passing upon the defenses urged. His reasons for giving judgment in favor of plaintiff for the full amount, subject to a reservation to defendants of their right to sue for whatever damages they may have suffered as a result of plaintiff’s nonperformance of the contract sued upon, are indicated in the following extract from his remarks made in open court at the time the case was submitted: “There seems to have been some other defects which have developed or which have been corrected by the defendants, even since the filing of this answer, but there is nothing in the pleadings where that testimony can be offered at this time. For that reason the Court feels that the proper judgment would be judgment for the plaintiff as prayed for, and reserving to the defendants, Usrey & Usrey, and to the partnership, the right to sue for whatever amount of damages they suffered as a result of this contract. In other, words, ordinarily, when you go into a building contract, and you contend *553 that it is not done satisfactorily, and, the man that has the contract won’t complete it as you contend it should be, why then they call in somebody else and have it completed and that is set up in the answer and it taken as a discount on the original amount. That can’t be here because it is not a ‘part of the pleadings. Then, as I say, the only thing the .Court sees to do from the present state of this controversy would be to give judgment as prayed for to the plaintiff and especially reserve to the defendants, Usrey & Usrey, the .partnership and the individuals, the right to sue for whatéver amount of damages they might suffer as a result of this contract not, being properly performed. That would hold true too where any job of painting wouldn’t stand up properly. It will just make two law suits instead of one.” ■
Under Article 2769 of the Civil Code, a contractor who fails to do the work he has contracted to do, or who does not execute the work in the manner contracted, is liable in damages for the loss which may ensue from his noncompliance with his contract.
In the case of Lillis v. Anderson et ux., La.App., 21 So.2d 389, 392, the following language of the Court, used in interpretation of Civil Code Article 2769, is quoted in brief by counsel for both parties to the present controversy: “The foregoing article has been construed by the courts to mean that, where a contractor sues on a building contract and it is shown that the work delivered is defective or unfinished, the contractor is, nonetheless, entitled to recover the contract price if the defendant fails to establish the damages he has sustained by reason of the contractor’s partial default. The remedy of the owner in such cases is for a reduction in the price to an amount necessary to perfect or complete the work according to the terms of the contract.”
Plaintiff’s contention in brief is that the Lillis case, supra, holds that the claim of the defendant in such a case “is one that must be asserted and proved as an affirmative cause of action of the defendant, to be asserted by way of reconventional demand.” The plaintiff then cited cases holding .that in a defendant’s an$wer, “a recon-ventional demand should be ^set forth with the same certainty as to amounts, dates, items, etc. as though the party pleading it were plaintiff in the suit.”
We concedfe plaintiff’s contention thaCt a defendant, who becomes-plaintiff in reconvention, must set forth in his answer the facts and circumstances upon which the reconventional demand is based as though he were a plaintiff. However, the defendants here have set up'the defective performance as a defense to plaintiff’s suit and not as a demand in reconvention.
The Lillis case, supra, is distinguishable from the case at bar in that the opinion shows that the defendants there did not allege or attempt to prove the damages which '“they have sustained by reáson' of plaintiff’s fáilure.”
Defendants in brief argue that in the interest of justice and consonant with the modern judicial trend away from technicalities of pleading, the trial court should have allowed defendants to show that they had suffered damage for at least the amount sued for, and that it would be inequitable for them to be required to satisfy the present judgment and then file a new suit to. recover the damages which the trial court apparently found to be due to them in an indeterminate amount. The contention is a logical one and fortunately is supported by the long established rules of pleading in this: state. In 1832 the Supreme Court of Louisiana in the case of Thornton v. Linton, 3 La. 253, detided the identical point involved, and in favor of defendants’’ contention here. This case was not cited to us in brief and doubtless was not called to the attention of the District Court.
In the Thornton case, supra, plaintiff’s claim was for a balance of $1474.00 on air original contract (with extras) of $2940.00. The answer admitted the agreement but defended on the ground that the work was incomplete. The District Court sustained objections to questions by plaintiff on cross-examination-tending to. show that the work done was defective and to what extent, the principal ground being that the answer did not set forth the defect in the work so as to put the plaintiff on guard. The Supreme *554 Court ruled that the evidence should have been admitted and remanded the case to the trial court with directions not to reject evidence of defect in the work executed by the plaintiff. We quote below from that decision : “On the third ground we think, the general allegation of the work being materially defective, authorized the exhibition of evidence, that the roof of the house was defective. The allegation went to the performance of the whole work, and consequently embraced every part of it. The petition alleges that the work set forth, and the materials as described in said contract, according to the tenor, import and interest therein, were executed and finished by the petitioner. The answer denies this fact, and alleges a defective performance. This in our opinion, was sufficient. Our law neither recognizes or requires a particular form of allegation. It is sufficient the party be apprised of the defence, and that object is substantially obtained, by informing him the work was defectively executed. The precise question, presented by this objection, was decided in the case of Bethemont v. Davis, 8 Mart., O.S., 391.”
Although the point of pleading was not raised, this Court in the case of Alexandria Marble & Granite Works v. Harding, La.App., 35 So.2d 673, followed the principle of the Thornton case, supra, in rejecting the plaintiff’s claim for costs of work done in view of testimony that the work done was defective and that it would cost defendant more to correct the defect than the amount for which plaintiff had contracted to do the work.
 Our conclusion is that an owner who is made defendant in a suit by a contractor is entitled to a reduction in the price set in the contract to the amount necessary to perfect or complete the work according to the terms of the contract. In such a case an answer setting forth that the plaintiff breached the contract by failing' to complete the work in a satisfactory and workmanlike manner, and that the defendant would undergo costs amounting to more than the remaining balance of the contract in order to complete, in a satisfactory manner, the work which plaintiff contracted to do, is sufficient to place the plaintiff on guard and to permit the introduction of testimony regarding the defective condition of the work done by the contractor, and the cost to the owner for correction of the defects and completion of the work in accordance with the original contract.
For the reasons assigned, the judgment appealed from is reversed and the case is now ordered remanded to the District Court for the Fourth Judicial District for further proceedings in accordance with law and consistent' with the views herein expressed. Costs of appeal to be borne by plaintiff; other costs to await the final outcome of the litigation.