79 So.2d 127 (1955)
Sidney B. WILLIAMS, Plaintiff-Appellee,
v.
Harry FISHER, Jr., Defendant-Appellant.
No. 3970.
Court of Appeal of Louisiana, First Circuit.
March 25, 1955.
Henry A. Mentz, Jr., Hammond, for appellant.
W. S. Rownd, Hammond, for appellee.
TATE, Judge.
This is a suit for the balance allegedly due for labor and painting material supplied by plaintiff contractor to defendant home owner. Defendant appeals from judgment against him in the amount of $320.70, interest, and costs, on grounds that:
(1) The trial court erred in excluding defendant's offered evidence of plaintiff's nonperformance of the work sued for, said court holding that nonperformance was a special defense which should have been affirmatively pleaded by defendant in his answer.
(2) Plaintiff's proof was insufficient to support judgment in his favor.
*128 The pertinent allegations of plaintiff's petition are in Paragraph 2 that Fisher owed Williams $320.70; in Paragraph 3, that said amount represented the balance due for material and labor furnished to the said Fisher; in Paragraph 4, that "Plaintiff painted the interior and exterior of said home for the sum of $1,085.00, plus extra work", and that payments had reduced it to $320.70, as per the itemized annexed statement of account (said itemized list headed by the entry, "Contract * * * $1,085.00").
Defendant's answer simply denied each of the petition's material allegations, with the exception that Article 4 was answered "Denied, except that the original amount of the contract was $1,085.00".
The plaintiff's proof consisted only of his own testimony that he had painted defendant's residence in 1951; that the contract price was $1,085, plus extra work in the amount of $39.70; and that he had been paid a total of $804, leaving a balance due of $320.70.
Stating that "if Mr. Fisher [defendant-owner] is relying on the contract, he should prove that Mr. Williams [plaintiff-contractor] did break his contract. There is no evidence before the Court as to what the contract was", the trial court refused to permit defendant to cross-examine plaintiff as to what the contract was, or whether or not there was performance of same. Upon objection by plaintiff, the trial court likewise refused to permit defendant to prove what the oral contract consisted of or to testify what items had not been completed on the ground that nonperformance was a "special defense" not pleaded specially in the answer.
Under Article 327, Code of Practice, and our Pleading and Practice Act, LSA-R.S. 13:3601(2) the defendant must plead special defenses affirmatively in his answer. But referred to are defenses which admit that the obligation exists or did exist, but allege that the obligation is extinguished, for such reasons as payment, remission, compensation, etc., set forth in Article 2130, LSA-Civil Code; or which allege the obligation is voidable, such as for fraud or error, see Articles 1881-2, LSA-Civil Code. All cases cited by plaintiff-appellee concern special defenses of this nature.
But here the trial court neither required plaintiff, nor permitted defendant, to prove just what work was involved in the alleged painting contractplaintiff's obligation in this contract between the two parties. When defendant under his general denial sought to prove plaintiff had not "painted the interior and exterior of said home for the sum of $1,085.00" (Article 4, plaintiff's petition), defendant sought to prove not that his own obligation to pay was extinguished or voidable, but that it had never come into existence.
In a case very similar to the present, the Court of Appeal, Second Circuit, held that "the answer herein [of general denial] was sufficient to justify the introduction by defendant of any relevant and otherwise admissible evidence tending to show the non-existence of all or any portion of the claimed indebtedness", J. D. Adams Co. v. Dauterive, 193 So. 506 at page 508. See also Byrne v. Hibernia National Bank, 31 La.Ann. 81, Budreaux v. Tucker, 10 La.Ann. 80, which latter case stated: "Special allegations in the answer are not necessary to authorize the introduction of evidence the direct tendency of which is to disprove what the plaintiff alleges."
It is conceded, incidentally, that there is no question of surprise here, as plaintiff was apprised of this defense long before trial.
While possibly, as defendant urges, the plaintiff having failed to prove either the painting contract or substantial performance of it, judgment should be rendered herein rejecting plaintiff's demand; we feel that the ends of justice can best be served by reversing the trial court's judgment and remanding this case for new trial.
Accordingly, the judgment of the trial court is reversed and set aside, and the *129 case is remanded to the trial court to be proceeded with in accordance with law and in a manner not inconsistent with the views above expressed. Costs of this appeal shall be paid by appellee, while all other costs shall await the final determination of the controversy.