ELLIS, Judge.
Plaintiff brought suit to collect $1,478.28 alleged to be due as the balance owing under a written contract whereby plaintiff had built a house for the defendant. Plaintiff alleged that the buiding had been completed and accepted by the owner by written acceptance duly filed in the mortgage records but that the final payment was past due and owing.
Defendant in his answer denied that anything was due plaintiff and set out that the acceptance referred to in plaintiff’s petition contained' a specific exclusion as follows:
‘T hereby accept the house at 1733 Country Club Drive, Baton Rouge, Louisiana, with the exception of the *52 roof which is not satisfactory. Right is reserved to owner to have same corrected according to plans and specifications/’ ' ■ ’
Defendant then set out in his answer that the plans and specifications called for grey asbestos shingles, that plaintiff installed roofing from two batches bought from different dealers, of different shades of grey, and that after defendant complained about the colors plaintiff “washed” the roof with an acid solution which left the majority of the roof streaked and discolored. Defendant further alleged on information and belief that the shingles were defective in quality and composition and that a number of them were cracked, and that the roof because of its condition and appearance did not meet the plans and specifications for the house. Defendant then specifically alleged in Paragraphs 22 and 23 of his answer:
“22. Respondent does not know just what it will cost to remove the unsightly roof installed by plaintiff; but he believes and so alleges that the cost of removing the existing roof and installing one that will meet the requirements of the plans and specifications will come to nearly as much as plaintiff has sued for.
“23. Respondent now shows that he is ready, willing and able to pay to plaintiff the difference, if any, between the costs of removing thé existing roof and installing a proper roof, and the amount plaintiff has sued for; but plaintiff has refused to agree to this.”
The minutes show that the case was called for trial pursuant to previous regular assignment and that counsel for the plaintiff objected to the introduction of any evidence by defendant because of the failure of his answer to assert a diminution in the amount of the contract sued for or specify the amount of damages sought. The objection was orally argued and was sustained by the court and in pursuance - thereof judgment was rendered in favor of the plaintiff for the full amount as práyed for. Defendant has appealed.
Plaintiff makes the following argument in his brief:
“The sole question before this Court is one of law, and is simply stated as follows: Can an owner set up as a defense to the balance due on an executed contract a defect in the construction where the owner fails to seek a reduction in price for the amount necessary to complete the work according to the contract terms.
“Article 2769 of the Revised [LSA] Civil Code of Louisiana provides as follows:
“ ‘If an undertaker fails to do the work he has contracted to do or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.’
“The Courts, in interpreting this article in respect to the rights of the parties, in a building contract, held that if the owner fails to .establish and prove, damages as a result of the contractor’s partial default, he cannot fail and refuse to pay the balance due on a building contract, and that his remedy in such a case is to seek a reduction in price by the amount necessary to complete the contract work. The Court of Appeals, Orleans, in the case of Lillis v. Anderson [La.App.], 21 So.2[d] 389, passed upon his identical issue. The plaintiff had brought suit against the defendant to recover the price of the contract, alleging that he had performed all of the work called for by virtue of the written agreement. The defendant in the Lillis v. Anderson case admitted execution of the contract but- denied liability on the ground that the plaintiff had failed to perform the work required of him and further reconvening for damages, Judge McCaleb, in interpreting and applying article 2769 of the LSA-Civil Code, at page 392 of the reported decision, stated as follows:
“ ‘The foregoing article has been construed by the Court to mean that, where a contractor .sues on a building *53 contract and it is shown that'the work delivered is defective or unfinished, the contractor, is nonetheless, entitled to recover the contract price if the defendant fails to establish the damages he has sustained by reason of the contractor’s partial default. The remedy of the owner in such cases is for a reduction in the price to an amount necessary to perfect or complete the work according to the .terms of the contract. * * *
“ ‘In the case at bar, 'the defendants have mistaken their remedy as their sole defense to the action is that, since plaintiff has not fully performed the contract in accordance with the intendment of the parties, no recovery can be permitted. In no part of their answer did they allege, nor did they attempt to prove, the damages which they have sustained by reason of plaintiff’s failure to level the house as stipulated in the contract. Therefore, we have no way of knowing how much it wo'uld cost to have the repairs completed'and we cannot estimate the diminution in price to which the defendants might' b’e entitled.’
“The cited case is identical with the issue herein involved. The defendant-appellant sets forth as his sole defense to the action alleged defects in the roof and did'not allege, pray for, or attempt to prove a reduction in the contract price by the amount necessary to perfect the allegéd defects.”
It is the defendant’s contention that the trial judge in his oral reasons for his ruling felt that the Lillis case, supra, was authority not only for the proposition that a contractor can recover the entire price' of the contract if he has substantially complied with the contract, but also authority for the proposition that the defendant cannot offer evidence to show his damages and offset the claim of the contractor unless he specifically alleged the exact monetary damages he sustained.
The Lillis case was fully tried and the Court therein stated:
“While it is the- general rule that a person suing'to recover on a commuta-. tive contract must allege and prove that he has fully performed his part of the engagement in order to recover, it is the well-settled jurisprudence of this state that this doctrine is without application to suits brought on building contracts. Article 2769 of the Civil Code provides: ‘If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his noncompliance with his contract.’
“The foregoing article has been construed by the : courts to mean that, where a contractor sues 'on a building contract'and it is shown that the work delivered is defective or unfinished, the contractor is, nonetheless, entitled to recover the contract price if the defendant fails to establish the damages he,has sustained .by reason of the contractor’s partial .default. The remedy ,of the .owner in such cases is for a reduction in the price to an amount necessary to perfect, or complete the work according to the terms of the contract.
* • *■ * - *■ ■ * *
“In the case at barj the defendants have mistaken their remedy as their solé defense to the action is that, since ’plaintiff has not fully performed the contract in accordance with thé- intendment of the parties, no recovery can be permitted. In no part of their'answer did they allege, nor did they attempt' to prove, the damages which they have sustained by reason of plaintiff’s failure to level the house as stipulated in the contract. Therefore, we have no way of knowing how much it. would cost to have the repairs completed and we cannot estimate the diminution in price to which the defendants might be entitled. (Emphasis added.)
“It is true the defendants have reconvened .for damages but .none of the items set forth in the demand can be *54 sustained. The claim for $750 damages for mental anguish, inconvenience, etc., allegedly suffered by defendants as a result of the breach of contract cannot be recognized inasmuch as this type of damage is recoverable only in cases where the contract has for its object the gratification of some intellectual enjoyment, etc. See Article 1934 of the Civil Code. The claim for $200 allegedly representing damage done by plaintiff to defendants’ property, cannot be allowed as there is no proof whatever to sustain it. The third item of $200 for legal services is obviously not recoverable.”
It was clearly stated by the Court in the above cited case that the defendants never alleged nor attempted to prove the damages which they sustained by reason of plaintiff’s failure to level the house as stipulated in the contract.
The case under consideration is distinguishable from the Lillis case, supra, when we consider the allegations of Articles 22 and 23 of defendant’s answer, supra. It may be that the allegations are general, however, he definitely alleges that the cost of removing the existing roof and installing one that will meet the plans and specifications will, in his opinion, come to nearly as much as plaintiff has sued for, and that he is willing and able to pay the plaintiff the difference if any between the cost of removing the existing roof and installing a proper roof and the amount plaintiff has sued for. This allegation together with others of the answer appraises the plaintiff of the nature, extent and cost of the damages claimed to have been sustained by the defendant by virtue of plaintiff’s failure to allegedly comply with the specifications of his contract in the particulars enumerated.
The Second Circuit Court of Appeal in Moore v. Usrey & Usrey, La.App., 52 So.2d 551, 552, had under consideration a case in which the plaintiff was seeking to recover the balance owed by the defendants under a contract for the painting of a house. The defendants in answering admitted that they had entered into the contract with the plaintiff, but that plaintiff did not complete the work under the contract in a satisfactory or workmanlike manner “and that it would cost more than the balance due under the contract to complete, in a satisfactory manner, the work which plaintiff had contracted to do.” (Emphasis added.)
There is a striking similarity between the defendant’s answer in the cited case and the one at bar. Also as in the present case, the Judge sustained the plaintiff’s exception in the cited case to testimony seeking to show the expense incurred by defendants in correcting defects in plaintiff’s work on the ground that such testimony was not admissible under the pleadings. In the Moore case the Lillis case was distinguished “in that the opinon shows that the defendants there did not allege or attempt to prove the damages which ‘they have sustained by reason of plaintiff’s failure.’ ” The Court further cited and discussed at length the case of Thornton v. Linton, 3 La. 253, which decided .the identical point involved in the Moore case, as well as the case at bar, in favor of the defendants’ contention. In conclusion it was stated:
“Our conclusion is that an owner who is made defendant in a suit by a contractor is entitled to a reduction in the price set in the contract to the amount necessary to perfect or complete the work according to the terms of the contract. In such a case an answer setting forth that the plaintiff breached the contract by failing to complete the work in a satisfactory and workmanlike manner, and that the defendant would undergo costs amounting to more than the remaining balance of the contract in order to complete, in a satisfactory manner, the work which plaintiff contracted to do, is sufficient to place the plaintiff on guard and to permit the introduction of testimony regarding the defective condition of- the work done by the contractor, and the cost to the owner for correction of the defects and completion of the work in accordance with the original contract.”
*55 See also Bethemont v. Davis, 8 Mart., O.S., 391, cited in the Thornton and Moore cases, supra, and Williams v. Fisher, La. App., 79 So.2d 127.
Defendant’s answer was sufficient under the law and the trial court erred in his ruling.
It is therefore ordered that the judgment •of the District Court be reversed, annulled and set aside and the case be remanded for trial in accordance with law.